OPINION OF THE COURT
Per Curiam.
Plaintiffs appeal raises issues of law concerning (1) whether the Appellate Division had jurisdiction of defendant’s appeal in view of the claimed untimeliness of his notice, (2) whether a cooperative apartment, acquired during the marriage and before commencement of the divorce action, was properly held to be separate property, (3) whether Trial Term was authorized to award her a lump sum of $25,000, to "compensate her for the loss of her time” during the marriage, and (4) whether the Appellate Division, when reducing her marital award from 50% to 25%, was required to find that Trial Term had abused its discretion, and to analyze and state its reasons with respect to all of the factors listed in Domestic Relations Law § 236 (B) (5) (d).
While the failure timely to serve a notice of appeal goes to jurisdiction over the subject matter, which may be raised at any time (People v Thomas, 47 NY2d 37; Ocean Acc. & Guar. Corp. v Otis Elevator Co., 291 NY 254), plaintiff concedes that the notice of appeal to the Appellate Division was served on the 34th day *109 after the judgment had been served by mail. Since the 1982 amendment to CPLR 2103 (b) (2), service by mail adds five days to the prescribed period. Service of the notice of appeal on the 34th day was, therefore, timely.
Trial Term’s decision recites that the cooperative apartment was bought by the husband with his own funds and that plaintiff had not shown that it had increased in value, and the Appellate Division affirmed. Although plaintiff correctly argues that property acquired "during the marriage and before * * * commencement of a matrimonial action” is marital property (§ 236 [B] [1] [c]), she fails to consider that section 236 (B) (1) (d) (3), with an exception not here applicable, classifies as separate property "property acquired in exchange for or the increase in value of separate property”. In view of the affirmed finding recited above, the issue is beyond our power of review.
Plaintiff argues that Trial Term’s lump-sum award representing what she could have earned during the seven months the parties lived together was proper either as an award of maintenance or as a "dislocation” award. Prior to adoption of section 236 (B), an alimony award could be made retroactive to the date of commencement of the action (Harris v Harris, 259 NY 334, 337; McCarthy v McCarthy, 143 NY 235). Domestic Relations Law § 236 (B) (6) (a) now provides that a maintenance award "order shall be effective as of the date of the application therefor,” and while it also provides that "any retroactive amount of maintenance due shall be paid in one sum or periodic sums,” that provision relates to arrears in the temporary award ("maintenance due”) and does not authorize maintenance for periods prior to commencement of the action. The conclusion thus reached is further supported by section 236 (B) (1) (a), which defines "maintenance” as an award "to be paid at fixed intervals”, and section 236 (B) (6) (a), which provides for "maintenance to meet the reasonable needs”, both of which suggest futurity rather than retroactivity. We agree with the Appellate Division, therefore, that Trial Term’s lump-sum award was not authorized by the maintenance provisions of Domestic Relations Law § 236 (B).
Nor was it authorized, as plaintiff argues, as a dislocation award. The statute provides for a distributive award (§ 236 [B] [5] [e]) in lieu of equitable distribution of marital property, but contains no authorization for a dislocation award in lieu of earnings lost during the period of the marriage. Wilson v Wilson (101 AD2d 536, appeal dismissed 63 NY2d 768, lv denied 64 NY2d 607) is not to the contrary, for it concerned not a lump sum for lost past earn *110 ings but an award of maintenance for three years found to be warranted by reason of the wife’s lessened economic situation after the marriage — in other words, by her need for maintenance for a limited period of time in the future.
The contention that the Appellate Division could modify Trial Term’s award of 50% of the marital property only if it found that Trial Term abused its discretion is answered by Northern Westchester Professional Park Assoc. v Town of Bedford (60 NY2d 492, 499 [the authority of the Appellate Division is as broad as that of the trial court; that the latter had the advantage of seeing the witnesses is but one factor to be considered]) and Majauskas v Majauskas (61 NY2d 481, 494 [absent exercise of discretion by the Appellate Division so egregious as to amount to an abuse of discretion as a matter of law, its exercise of discretion is not reviewable by us]). The factors listed by the Appellate Division as the basis for its reduction of the award to 25% make clear that there was no abuse of discretion as a matter of law. Nor was the Appellate Division required by Domestic Relations Law § 236 (B) (5) (g) to analyze each of the factors stated in subdivision (5) (d) and give reasons as to each, it being sufficient under subdivision (5) (g) that it "set forth the factors it considered and the reasons for its decision” (Kobylack v Kobylack, 62 NY2d 399, 403).
Plaintiffs remaining arguments are either not before us on this appeal, unpreserved or without merit.
On plaintiffs appeal, the order of the Appellate Division should be affirmed, without costs. Defendant’s cross appeal should be dismissed for want of aggrievement, the modification made by the Appellate Division having been in his favor.
Chief Judge Wachtler and Judges Jasen,. Meyer, Simons, Kaye, Alexander and Titone concur in Per Curiam opinion.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4): on plaintiffs appeal, order affirmed, without costs. Defendant’s cross appeal dismissed, without costs.