■ PATRICIA R. PETRIE, Appellant, v KENNETH T. PETRIE, Respondent.—Main, J.

Married in 1973, plaintiff and defendant are the parents of five children, born between February 1975 and August 1982. Throughout the marriage, defendant worked in several family-run retail stores and at the time of trial was the manager of one such store in the Town of Corinth, Saratoga County. While plaintiff occasionally has done work for the retail store, primarily she has cared for the children and the household. In October 1982, defendant left the marital residence and established a separate residence. Thereafter, he voluntarily made payments to plaintiff in order to support the family.

Plaintiff initiated this action seeking, *inter alia,* divorce, custody of the children, child support, maintenance, equitable distribution and counsel fees. Trial Term granted the divorce, awarded custody of all the children to plaintiff and ordered defendant to pay child support of $35 per week per child until emancipation, maintenance of $150 per week for five years

and counsel fees of $1,500. With regard to equitable distribution, Trial Term awarded plaintiff the marital residence and its furnishings valued at $25,000 and $4,000, respectively, a 1978 automobile valued at $1,000, $2,000 in cash and ordered defendant to give plaintiff a secured note in the amount of $35,000, payable over 20 years at 8% interest. Trial Term awarded defendant commercial property containing his family's retail business valued at $68,700, stock in Petrie's Value Village, another retail establishment, valued at $6,250, a 1976 automobile valued at $1,000 and other assets not specifically mentioned. These included a net lease on the commercial property valued at $24,800, defendant's partnership interest in Petrie Properties valued at $2,000 and the cash value of two insurance policies valued at $800. Plaintiff was to be responsible for paying the two mortgages on the marital residence.

Plaintiff first contends that she was awarded less than her fair share of the marital property. We disagree. Equitable distribution presents matters of fact to be resolved by the trial court, and its distribution of the property should not be disturbed unless it can be shown that the court abused its discretion in so doing (Foxx v Foxx, 114 AD2d 605). Here, Trial Term did award assets totaling $32,000 to plaintiff and $103,550 to defendant; however, Trial Term also ordered defendant to give plaintiff a secured note in the amount of $35,000. Under Domestic Relations Law § 236 (B) (5) (e), Trial Term may, in its discretion, make such a distributive award in order to facilitate the division of property (see, Majauskas v Majauskas, 61 NY2d 481, 489). When the amount of the distributive award is added to plaintiff's assets and subtracted from defendant's assets, plaintiff receives $67,000 in assets and defendant receives $68,550 in assets. Thus, Trial Term effected an almost 50% split of the marital assets and did not abuse its discretion in employing a distributive award to do so. We would note that plaintiff's proposed distribution, essentially requiring a split of the major assets, is not as practical as that effectuated by Trial Term and is not required for an equitable distribution (see, Arvantides v Arvantides, 64 NY2d 1033; Matter of Ward v Ward, 94 AD2d 908).

Contrary to plaintiff's assertion, we find that Trial Term neither overlooked assets nor improperly valued assets. Trial Term did not abuse its discretion in valuing defendant's commercial property at $68,700, the assessed full value, rather than $100,000, the insured value, since defendant testified that the property was insured for replacement cost rather than actual value. While we note that Trial Term incorrectly

found defendant to be a one-quarter partner in Petrie Properties rather than a one-third partner, we also note that Trial Term overvalued this asset to plaintiff's advantage. Finally, Trial Term listed in its decision all the assets which plaintiff claims were overlooked and provided a residual clause by which assets not awarded to plaintiff were awarded to defendant. These assets were included in effectuating the almost 50% split of assets as noted above.

With regard to plaintiff's claim that the maintenance award should have been of longer duration, under Domestic Relations Law § 236 (B) (6) (a), Trial Term has discretion in fixing the amount and duration of a maintenance award *(see,* Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:18 [1986 Supp Pamph], p 229). Here, Trial Term delineated its reasons for the limitation of duration, and we find no abuse of discretion in limiting maintenance to five years. In that same vein, we find no abuse of discretion in Trial Term's failure to order defendant to maintain a life insurance policy for plaintiff's benefit *(see, Wilbur v Wilbur,* 116 AD2d 953, 955).

We note that Trial Term failed to award maintenance and child support retroactively to the date of service of the summons and complaint, as is statutorily required (Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). However, we also note that defendant made voluntary payments to plaintiff during that period. Accordingly, even though defendant's payments were not court ordered, fairness requires that the amount of payments defendant actually made to plaintiff after commencement of the action should be offset against a retroactive award of maintenance and child support *(see, supra; cf. Nolan v Nolan,* 107 AD2d 190, 192). Since the record does not reveal the amount of payments actually made, this matter should be remitted to Trial Term for determination of the amount of retroactive maintenance and child support due.

The record reveals that plaintiff did receive a fair trial. As previously noted, Trial Term did not overlook items of marital property and, in fact, plaintiff received almost 50% of the marital assets. While Trial Term's decision does not provide plaintiff with some of the items she desired, such failure does not demonstrate unfairness. These parties are of modest means and limited resources, and Trial Term's decision evidences a recognition of this fact. Further, with regard to plaintiff's claim of the Trial Judge's prejudice, a review of the record as a whole reveals no prejudice against plaintiff.

Finally, we find that Trial Term did not abuse its discretion

452

by awarding counsel fees in a lesser amount than that requested. Counsel fees may be awarded in an action for divorce "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]; *see, Ritz v Ritz,* 103 AD2d 802). Upon consideration of the parties' ability to pay counsel fees, Trial Term ordered defendant to pay two thirds of the requested counsel fees. On this record, we cannot say that this award was an abuse of discretion.

Judgment modified, on the law, without costs, by reversing so much thereof as awarded prospective maintenance and child support only; matter remitted to Supreme Court for a determination of retroactive maintenance and child support due, not inconsistent with this decision; and, as so modified, affirmed. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.