■ MICHAELINE LICHON, Appellant, v ROBERT LICHON, Respondent.—Judgment unanimously modified on the law and facts and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff wife has appealed from a judgment of divorce seeking review of the distribution of marital property and awards for maintenance and support. The Trial Judge directed a distribution of the marital property on a 50-50 basis; each party received property worth approximately $25,000. Plaintiff wife was awarded the marital residence, which was then encumbered by a $32,000 mortgage. Thirty thousand dollars of the mortgage proceeds was used to purchase defendant husband's business, which was awarded to him. Plaintiff contends that it is inequitable to burden her with the mortgage on the marital residence. Under the circumstances of this case, we agree.

Although the trial court's findings are not extensive, we find

the record sufficient to support the exercise of our authority to adjust the equitable distribution (see, *Cappiello v Cappiello,* 66 NY2d 107, 110, *rearg denied* 67 NY2d 647; *Kobylack v Kobylack,* 62 NY2d 399, 403). The central dispute before the matrimonial Referee was the valuation of defendant's business. The only credible testimony, that of defendant's expert, was that the business was worth $5,213. Defendant purchased the business, in 1980, for $50,000. If the valuation of his expert is accepted as true, then there has been a waste of marital assets which justifies giving plaintiff a greater share of the marital property (Domestic Relations Law § 236 [B] [5] [d] [11]). In addition, plaintiff's financial future is precarious. Because of health problems and limited education, her projected future income is no more than $8,000 yearly while defendant's projected future income is at least $20,000 per year (Domestic Relations Law § 236 [B] [5] [d] [8]).

We, therefore, modify the distribution of marital property directing that defendant pay the mortgage on the marital residence. If the premises are sold before the loan is fully paid, defendant shall make payment of the remaining amount of the mortgage to the wife upon the same terms as had been required by the bank. In addition, we direct that plaintiff is responsible for paying the auto loan on the automobile distributed to her and that defendant is responsible for paying the debts on the family's Visa, Sears, Penney's, Key Bank and dental accounts; these minor debts were not distributed at the trial court. Finally, we have examined the maintenance, support, and distribution of household furnishings ordered by the trial court, and we find that they are reasonable and adequate. (Appeal from judgment of Supreme Court, Erie County, Francis, J.—divorce.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.