ROBERT COCKRELL, Appellant, v DIANE COCKRELL, Respondent.—Judgment unanimously affirmed without costs. Memorandum: Plaintiff appeals from portions of a judgment of divorce that directed him to pay 70% of the actual private college expenses for his daughter Terri Lynn incurred to the beginning of the term of September, 1990 to a maximum of $8,000 per year, and ordered him to pay defendant maintenance of $250 per week until July 13, 1999 and $125 per week thereafter to continue until June 2, 2006. Defendant cross-appeals, arguing that the court's award of child support for Terri Lynn should be increased and that the court abused its discretion in awarding attorney's fees.

Defendant established special circumstances to require plaintiff to pay for Terri Lynn's private college education as ordered by the court (see, Hirsch v Hirsch, 142 AD2d 138, 144; "Lord" v "Lord", 96 Misc 2d 434, 439). Throughout the marriage, the parties placed a strong emphasis on the education of their children. Special education was arranged at private schools to meet each child's particular needs. Terri Lynn attended a private school to meet her special needs. Plaintiff's financial condition permits him to pay the college expenses as the court ordered. Terri Lynn applied to a public college but was not accepted. Under these circumstances the court did not abuse its discretion in this regard (see, Keehn v Keehn, 137 AD2d 493, 497-498).

The court also did not abuse its discretion in awarding defendant maintenance. The court properly considered the statutory factors (see, Domestic Relations Law § 236 [B] [6] [a] [1]-[11]). Defendant devoted most of her married life to raising the children and caring for the home, enabling plaintiff to attend college, obtain an engineering degree and earn a substantial income. Defendant did not graduate from high school and has limited ability to become self-supporting. During this 30 year marriage the parties enjoyed a fairly affluent lifestyle. Under these circumstances the court's award of maintenance was proper in both duration and amount (see, Reck v Reck, 149 AD2d 934; Wilkinson v Wilkinson, 149 AD2d 842; Di Bella v Di Bella, 140 AD2d 292).

Addressing the issues raised on the cross appeal, we conclude that the court's award of child support was adequate and that the court did not abuse its discretion in determining the amount of attorney's fees. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Divorce.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.