■ Nancy Lauria, Appellant, v Nicholas J. Lauria, Respondent.—Levine, J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered May 9, 1991 in Albany County, upon a decision of the court.

The parties were married in March 1984 and had one child, now of school age, who is enrolled in a private day school. They separated in 1987 and plaintiff commenced this action later that year. Prior to the marriage, plaintiff purchased a small house for $19,000 in the City of Albany, which later became the marital residence. The structure was in need of extensive rehabilitation and repair, which was performed before and during the marriage by outside contractors, plaintiff's father and defendant. There was a serious conflict in the trial testimony on the proportions of the total work actually performed by these persons.

At the conclusion of the trial, Supreme Court found that the appreciation in value of plaintiff's house during the marriage was marital property subject to equitable distribution. The court accepted the testimony of defendant's expert witness that the value of the property was $21,500 at the date the parties married and $72,500 at the commencement of the divorce action, and awarded defendant 40% of the net increase in equity, which was calculated to come to the sum of $20,600, with interest at 9% from the date of the commencement of the action. Both plaintiff and defendant are State employees. Plaintiff's annual salary was approximately $54,000 and defendant's annual salary was approximately $24,000. Supreme Court determined that no maintenance award was appropriate. The court applied the guidelines of the Child

Support Standards Act (Domestic Relations Law § 240) (hereinafter CSSA) to fix a biweekly payment of child support by defendant of $151.10, based upon the parties' respective gross salaries less FICA. The court declined, however, to make child support payments retroactive to the date of plaintiff's application for child support (see, Domestic Relations Law § 236 [B] [7] [a]), and declined to follow the CSSA guidelines to apportion private school tuition, day care costs before and after school and during school vacations, and future health care costs of the child not covered by insurance (see, Domestic Relations Law § 240 [1-b] [c] [4], [5]). Plaintiff was also ordered to pay 75% of the balance of defendant's outstanding counsel fees of $4,400. This appeal by plaintiff followed.

We find no basis for disturbing Supreme Court's equitable distribution award. There was ample evidence in the record that the appreciation in value of plaintiff's house was at least in some part due to defendant's direct contributions and, thus, was marital property (see, Price v Price, 69 NY2d 8, 19, n 5; Fish v Fish, 161 AD2d 979, 981). As to the amount of appreciation in value during the marriage and the portion thereof attributable to defendant's efforts in improving the property, the court's determination was based upon an evaluation of the credibility of witnesses who gave sharply opposing testimony. As such, the determination is entitled to due deference (see, Sclafani v Sclafani, 178 AD2d 830, 832).

Conversely, we are in disagreement with Supreme Court's resolution of several of the child support issues. First, it was error not to make the award of child support retroactive to the date of application therefor (see, Domestic Relations Law § 236 [B] [7] [a]; Petrie v Petrie, 124 AD2d 449, 451, lv dismissed 69 NY2d 1038). Remittal on this issue is necessary, but solely for the purpose of calculating the amount due upon the effective date of the award, less child support payments actually made by defendant either by prior court order or voluntarily (see, Petrie v Petrie, supra, at 451).

We are also of the view that error was committed in deviating from the CSSA guidelines by excusing defendant from the responsibility of paying his proportionate share of the child's future reasonable health care costs and of the costs of day care when the child is not attending school during plaintiff's working hours. The apparent grounds for these determinations were Supreme Court's conclusion that defendant was at a "financial disadvantage" compared to plaintiff and, with respect to health care costs, plaintiff's "tendency towards some unorthodox medical treatments and [being]

somewhat over solicitous in the matter of child health care". As to the latter finding, the only evidentiary support in the record is that, with respect to a single course of treatment for the child's allergies, plaintiff's claim for insurance reimbursement was initially denied because the treatment was deemed experimental. We find nothing in the record from which a trier of fact could reasonably find a general tendency on plaintiff's part to seek unnecessary or unorthodox health care for the child. Moreover, defendant would be adequately safeguarded against plaintiff's excessive resort to health care for the child by an order directing defendant to contribute to *reasonable and necessary* health care expenses not covered by insurance.

As to the significance of any comparative financial disadvantage of defendant, the evidence was that his personal living expenses were relatively modest and there was no proof that he had any other exceptional expenses rendering him incapable of paying his proportionate share of health and child care costs according to the CSSA guidelines. Thus, the only financial disadvantage evident here is the difference in the parties' respective incomes, which is specifically taken into account in the application of the guidelines to fix the parties' respective obligations for these expenses of raising their child. The inadequacy of the findings and insufficiency of the evidence to support these deviations from the CSSA guidelines require reversal and remittal to apply the guidelines to these expenses *(see, Matter of Copeland v Evans,* 181 AD2d 1062, 1063; *cf., Bohnsack v Bohnsack,* 185 AD2d 533).

Likewise, we have concluded that the award of 75% of defendant's unpaid counsel fees was improper. Defendant will be receiving more than $20,000 as his share of marital property and has already received over $5,000 from plaintiff as his share of a joint investment account, most of which came from plaintiff's contributions during the marriage. He may also expect incremental increases in his salary and, as already noted, there is no proof of any exceptional expenses which would render it a particular hardship for him to pay his own counsel fees. Under these circumstances, we deem it to have been an abuse of discretion to direct plaintiff to contribute to paying such fees *(see, Rosenstock v Rosenstock,* 139 AD2d 164, 169).* We have considered plaintiff's remaining assignments of error, including the failure to direct defendant to contribute to the cost of the child's private school tuition, and find them unpersuasive.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur.

Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as (1) denied plaintiff a retroactive award of child support, (2) failed to direct defendant to contribute toward plaintiff's expenses for health care for the child and for child care during working hours before and after school and during school vacations in accordance with Domestic Relations Law § 240 (1-b) (c) (4) and (5), and (3) directed plaintiff to pay a share of defendant's counsel fees; matter remitted to the Supreme Court for the purpose of determining the amount of arrears due plaintiff for child support, and defendant's appropriate share of child care expenses and of future reasonable and necessary health care expenses of the child in accordance with this Court's decision; and, as so modified, affirmed.