■ TERI A. BAKER, Appellant, v JAMES A. BAKER, SR., Respondent. (Appeal No. 1.) [608 NYS2d 129] —Appeal from judgment insofar as it concerns sixth decretal paragraph unanimously dismissed and judgment modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court for further proceedings in accordance with same Memorandum as in Baker v Baker (199 AD2d 967 [decided herewith]). (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Equitable Distribution.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.

■ TERI A. BAKER, Appellant, v JAMES A. BAKER, SR., Respondent. (Appeal No. 2.) [608 NYS2d 23] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Plaintiff appeals from certain parts of a judgment entered August 27, 1992. Plaintiff also appeals from an order entered December 10, 1992 that inter alia granted judgment against plaintiff for $13,992.87. The first ordering paragraph of the

December order supersedes the sixth decretal paragraph of the judgment insofar as appealed from (those portions of paragraphs 32 and 42 of the findings of fact and that part of paragraph 5 of the conclusions of law that are appealed from). We dismiss the appeal from the judgment only insofar as it concerns the sixth decretal paragraph.

Plaintiff contends that the court erred by failing to consider defendant's wasteful dissipation of business assets in making an equitable distribution of marital property (see, Domestic Relations Law § 236 [B] [5] [d] [11]). Defendant purchased a printing business in 1987 for $55,000, $42,200 of which was allocated to equipment, furniture and fixtures. The business lost money in 1988 and had meager profits in 1989 and 1990. At the same time, defendant took $15,000 to $20,000 out of the business to pay other bills. The business ceased operation on May 31, 1991. Subsequently, defendant defaulted on a note to the bank securing a loan used to purchase the business. Plaintiff, who had cosigned the note, was not notified of two auctions of equipment and was not given an opportunity to cure the default. Some of the equipment was sold at a sheriff's auction for considerably less than its purchase price four years earlier. Defendant testified that the equipment was in substantially the same condition at the time the business ceased operation as it had been when he purchased it. We conclude that defendant's lack of effort to recoup the value of the equipment constitutes a wasteful dissipation of assets. Upon remittal, the court must determine the specific amount of waste (see, Baker v Baker, 188 AD2d 710; Lichon v Lichon, 144 AD2d 1021, lv denied 74 NY2d 603).

The court also erred in awarding plaintiff credit for mortgage payments made on the marital residence only after October 1990. It was not disputed that plaintiff made all the mortgage payments on the marital residence beginning in September 1988; therefore, she must be given credit for those payments. Upon remittal, the court also must adjust defendant's equitable share of plaintiff's annuity funds to account for the tax consequences of withdrawal. Although the court amended its findings of fact to require that defendant bear all tax consequences, that amended finding was not reflected in the judgment or the order.

Finally, the court's valuation of plaintiff's contribution to the purchase price of a boat was erroneous. The only competent evidence in the record was plaintiff's testimony that plaintiff contributed $500 toward the purchase price of $1,000.

The court erroneously credited the testimony of defendant, based entirely on hearsay, that the boat was worth $2,500. We have considered plaintiff's other arguments regarding the equitable distribution of property and conclude that they are either without merit or unsupported by the record.

We modify the order entered December 10, 1992 by deleting the direction from the first ordering paragraph that judgment be entered against plaintiff in the amount of $13,992.87. Otherwise, the order is affirmed. We modify the judgment entered August 27, 1992 by deleting from the findings of fact and conclusions of law incorporated therein the requirement that plaintiff pay the second position of the Canandaigua National Bank mortgage and the determination that the net equity figure of the marital residence is $43,762.63. We remit the matters for further consideration of the equitable distribution of property in accordance with the foregoing Memorandum. (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Equitable Distribution.) Present—Denman, P. J., Callahan, Lawton and Davis, JJ.