■ ELIZABETH A. COSTANZA, Respondent, v ANDREW A. COSTANZA, Appellant. (Appeal No. 1.) [608 NYS2d 132] —Appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Divorce.) Present —Green, J. P., Balio, Fallon and Davis, JJ.

■ ELIZABETH A. COSTANZA, Respondent, v ANDREW A. COSTANZA, Appellant. (Appeal No. 2.) [608 NYS2d 14] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment which, after a

bench trial, granted plaintiff a divorce dissolving the parties' marriage on grounds of cruel and inhuman treatment. Defendant contends that plaintiff failed, as a matter of law, to meet her burden of proving that "the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *see, Brady v Brady,* 64 NY2d 339, 343). We disagree. Giving appropriate deference to the trial court's assessment of the credibility of the witnesses, we conclude that plaintiff sufficiently met her burden of proof under the statute *(see,* Domestic Relations Law § 170 [1]; *Zack v Zack,* 183 AD2d 382, 385; *Dunne v Dunne,* 172 AD2d 482, 483). The court's failure to rule on defendant's action for divorce or, alternatively, for annulment is not properly before us *(see,* CPLR 5501 [a] [3]; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2221.05).

We reject defendant's contention that Supreme Court abused its discretion in awarding plaintiff sole custody of the parties' child *(see, Eschbach v Eschbach,* 56 NY2d 167). In light of the animosity that exists between the parties, a joint custody award would not be in the child's best interests *(see, Voelker v Keptner,* 156 AD2d 1014, 1015; *see also, Braiman v Braiman,* 44 NY2d 584, 589-590). Supreme Court erred, however, in denying defendant's request that he be permitted to exercise visitation with his child on defendant's birthday, Father's Day and during a portion of the child's birthday. Additionally, the court should have granted defendant's request that he be permitted, upon reasonable notification to plaintiff and the child's day care center, to pick up the child from day care prior to 5:00 P.M. on scheduled visitation days when defendant has a specific activity planned for the child that requires attendance prior to 5:00 P.M. Therefore, we modify the judgment by granting defendant the foregoing expanded visitation that he requested.

Supreme Court erred in setting aside the parties' prenuptial agreement. Plaintiff failed, as a matter of law, to meet her burden of proffering credible evidence to establish fraud, overreaching, concealment, misrepresentation or some form of deception on the part of defendant, as required in order to overcome the presumption of legality of the agreement *(see, Matter of Phillips,* 293 NY 483, 490-491; *Panossian v Panossian,* 172 AD2d 811, 812; *Brassey v Brassey,* 154 AD2d 293, 294-295; *Eckstein v Eckstein,* 129 AD2d 552, 553). Plaintiff was aware that she would be required to execute a prenuptial

agreement as early as four years before the parties were married. When the agreement was presented to her, she consulted with two attorneys regarding the propriety of executing it. The record shows that it was not procured as a result of fraud, misrepresentation and concealment, nor was it the product of coercion and duress (see, Brassey v Brassey, supra, at 294-295). Therefore, we conclude that the agreement is valid and enforceable and we modify the judgment by vacating the decretal paragraph that set it aside. Because Supreme Court made a distributive award to plaintiff based upon its erroneous decision to set aside the prenuptial agreement, we further modify the judgment by vacating the decretal paragraph that made that award.

Furthermore, inasmuch as the prenuptial agreement states that "[e]ach party will be responsible for his or her own counsel fees and expert fees that he or she respectively incurs in connection with any matrimonial action or in connection with the enforcement of this Agreement, or both", Supreme Court erred in awarding plaintiff counsel fees. Thus, we modify the judgment by vacating the decretal paragraph that awarded plaintiff counsel fees. Additionally, we reverse the order entered October 13, 1992 and deny plaintiff's motion for counsel fees for services rendered from May 1, 1992 through August 31, 1992.

Supreme Court did not improvidently exercise its discretion in denying defendant's request for an extension of time to submit his proposed findings of fact and conclusions of law (see, CPLR 4213 [a]). The record, however, provides no evidentiary support for the court's direction that plaintiff rather than defendant's siblings, the present trustees, be named the trustee of the life insurance trust established for the benefit of the parties' child. We, therefore, modify the judgment by deleting that direction.

Supreme Court's award of child support in the amount of $500 per week is not supported by the record. Further, the court failed to set forth the manner in which it calculated the income of each party for purposes of determining the basic child support obligation. Additionally, the court failed to make the preliminary calculation of basic child support (see, Domestic Relations Law § 240 [1-b] [a], [c]). Although the court had discretion to make an award of child support based upon an amount in excess of the $80,000 combined parental income cap contained in the statute (see, Domestic Relations Law § 240 [1-b] [c] [3]; [f]), it erred in failing to make findings based upon a consideration of the factors set forth in Domestic

Relations Law § 240 (1-b) (f) (1)-(10). The court made no findings regarding the child's needs. Therefore, we modify the judgment by deleting the child support award of $500 per week and we remit the matter to Supreme Court to make those calculations and findings in arriving at a child support award (see, Matter of Gibbons v Gibbons, 199 AD2d 1085 [decided herewith]).

Supreme Court erred in directing defendant to pay all of the child's unreimbursed medical expenses. The court should have directed that those expenses be prorated in the same proportion as each party's income is to the combined parental income (see, Domestic Relations Law § 240 [1-b] [c] [5]) and we modify the judgment accordingly. The court also erred in directing defendant to pay 85% of the health insurance premium covering the child because that direction would constitute an inappropriate add-on to the basic child support obligation (see, Domestic Relations Law § 240 [1-b] [c] [5]) and we modify the judgment by deleting the decretal paragraph that directed that payment. Finally, while the court properly directed defendant to pay his pro rata share of child care expenses incurred (see, Lauria v Lauria, 187 AD2d 888, 889), it failed initially to "determine reasonable child care expenses" (Domestic Relations Law § 240 [1-b] [c] [4]). Therefore, upon remittal, we direct Supreme Court to make that determination in arriving at defendant's pro rata share of those expenses.

In all other respects, the judgment is affirmed. (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Divorce.) Present—Green, J. P., Balio, Fallon and Davis, JJ.