■ In the Matter of HOLLY GIBBONS, Appellant, v FOSTER J. GIBBONS, Respondent. [608 NYS2d 901] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Nassau County Family Court for further proceedings in accordance with the following Memorandum: Family Court properly exercised its discretion in directing respondent to pay child support in the amount of $150 per week for the period between the filing of the petition on November 1, 1990 and the issuance of the order on April 22, 1991. Family Court Act § 449 does not prevent the court from imposing a lower level of support for that period than for the period following the effective date of the order (see, Besharov, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Part 1, Family Ct Act § 449, 1994 Pocket Part, at 102).

The matter must be remitted, however, for a new calculation of respondent's support obligation for the period beginning April 22, 1991. Family Court erred in failing to determine respondent's child support obligation in accordance with the requirements of the Child Support Standards Act (see, Family Ct Act § 413). The court failed to determine the amount of the basic child support obligation by either applying the statutory formula (see, Family Ct Act § 413 [1] [c] [1]-[3]) or explaining its reasons for deviating from that formula (see, Family Ct Act § 413 [1] [f], [g]; Costanza v Costanza [appeal No. 2], 199 AD2d 988 [decided herewith]; Matter of Kerr v Bell, 178 AD2d 1, 5). The court also erred in failing to determine reasonable child care expenses and to state separately each parent's pro rata share of those expenses (see, Family Ct Act § 413 [1] [c] [4]; Costanza v Costanza, supra; Lauria v Lauria, 187 AD2d 888, 889; Mem of Exec Dept, 1989 McKinney's Session Laws of NY, at 2209). Similarly, the court should have directed respondent to pay his pro rata share of future reasonable health care expenses of the children not covered by insurance (see, Family Ct Act § 413 [1] [c] [5]; Costanza v Costanza, supra; Lauria v Lauria, supra; Matter of Copeland v Evans, 181 AD2d 1062).

We direct Family Court, upon remittal, to recalculate respondent's support obligation, including appropriate "add-ons" for reasonable child care and unreimbursed health care expenses, from April 22, 1991 to date. Pending that determination, respondent is directed to continue weekly support payments of $360. (Appeal from Order of Nassau County Family Court, Medowar, J.—Child Support.) Present—Green, J. P., Balio, Fallon and Boehm, JJ.