■ J. RICHARD LESCH, Appellant-Respondent, v JEANNETTE LESCH, Respondent-Appellant. [608 NYS2d 39] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: We find no error in Supreme Court's crediting the testimony of defendant's expert witness regarding the enhanced earning capacity of plaintiff, resulting from a dental degree earned during the marriage, to determine defendant's equitable share of the dental practice *(see, Rosenstock v Rosenstock,* 139 AD2d 164; *see generally, Finocchio v Finocchio,* 162 AD2d 1044; *DiCaprio v DiCaprio,* 162 AD2d 944, *lv denied* 77 NY2d 802). Given Supreme Court's equitable distribution award, we conclude that a reduction of the award of maintenance is warranted. On consideration of the reasonable needs and resources of the parties, we reduce defendant's maintenance award to the payment of one half of the mortgage, real property taxes and reasonable maintenance costs of the former marital residence *(see, DiCaprio v DiCaprio, supra,* at 946; *Rosenberg v Rosenberg,* 145 AD2d 916, *lv denied* 74 NY2d 603).

We further conclude that Supreme Court's child support award of $250 per week is not substantiated by the record. The court, in making that award, failed to set forth the manner in which it calculated the parties' income and its preliminary calculations of basic child support *(see,* Domestic Relations Law § 240 [1-b] [a], [c]; *Costanza v Costanza,* 199 AD2d 988). Additionally, to the extent that the award was

based on parental income in excess of $80,000 (see, Domestic Relations Law § 240 [1-b] [c] [3]; [f]), Supreme Court failed to make findings based on the factors set forth in Domestic Relations Law § 240 (1-b) (f) to support the award. We therefore modify the judgment by deleting the award of $250 per week for child support and remit the matter to Supreme Court to make those calculations and findings in arriving at a child support award (see, Costanza v Costanza, supra; Gibbons v Gibbons, 199 AD2d 1085).

Because the record fails to establish whether Supreme Court, in determining plaintiff's support arrearage, credited him with any voluntary weekly payments of support (see, Petrie v Petrie, 124 AD2d 449, 451, lv dismissed 69 NY2d 1038), we further modify the judgment by deleting the award of $7,750 for child support arrears and, upon remittal, Supreme Court is directed to recalculate the arrearage.

It was also error for Supreme Court to direct plaintiff to pay all of the infant child's unreimbursed medical expenses. We therefore further modify the judgment by providing that the parties are directed to pay the child's unreimbursed medical expenses in the same proportion as each party's income is to the combined parental income (see, Domestic Relations Law § 240 [1-b] [c] [5]; Costanza v Costanza, supra).

We have reviewed the parties' remaining contentions and find them to be without merit. (Appeals from Judgment of Supreme Court, Cayuga County, Strobridge, J.—Divorce.) Present—Green, J. P., Pine, Lawton, Doerr and Boehm, JJ.