■ NANCY J. SOUTHWICK, Respondent, v BRYAN J. SOUTH-WICK, Appellant. (Appeal No. 1.) [612 NYS2d 704] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant husband in his appeal from a judgment of divorce seeks review of Supreme Court's award of custody of the infant issue of the marriage to plaintiff, distribution of marital property, and awards for maintenance and child support. We find no error in Supreme Court's crediting the testimony of a court-appointed psychiatrist and the recommendation of the Law Guardian to determine that it was in the best interests of the children that custody be granted to plaintiff.

We agree with defendant, however, that Supreme Court's distribution of marital property was erroneous. Such property includes "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action" (Domestic Relations Law § 236 [B] [1] [c]). In making its equitable distribution award, Supreme Court included as marital property the sum of $140,067.36, representing defendant's imputed earnings for the two years before trial when defen-

dant was unemployed. We find no statutory basis for the inclusion of that sum as marital property and, therefore, the total marital assets found by Supreme Court must be reduced by that amount.

We conclude that the record is sufficient to support the exercise of our authority to undertake the equitable distribution of the parties' marital property (see, Cappiello v Cappiello, 66 NY2d 107, 110, rearg denied 67 NY2d 647; Lichon v Lichon, 144 AD2d 1021, 1022, lv denied 74 NY2d 603). The record establishes that, when the action was commenced, the marital assets, excluding the value of the marital residence, totaled $251,818.11, and that at trial they totaled $208,995.02. That reduction was to a great extent the result of refusal by defendant to obtain employment during the two-year period before the trial of the action and his withdrawal of large sums of cash for his expenses. It was also partially the result of defendant's giving plaintiff $30,000 for her expenses.

Defendant's conduct provided a basis for Supreme Court's determination that defendant wastefully dissipated marital assets and was guilty of economic fault (see, Griffin v Griffin, 115 AD2d 587, 588; Blickstein v Blickstein, 99 AD2d 287, 293, appeal dismissed 62 NY2d 802). Based on defendant's wasteful dissipation of marital assets, along with consideration of the remaining factors set forth in Domestic Relations Law § 236 (B) (5) (d), we conclude that plaintiff was entitled to 60% of the marital assets, and defendant 40% of the marital assets. After deducting the marital debts, and applying the adjustments for various credits and debits owed as found by the trial court, plaintiff's share of the marital property is $120,800.29 and defendant's share is $80,096.81. We modify the judgment, therefore, by deleting the third and fourth decretal paragraphs and substituting therefor as a decretal paragraph that plaintiff is awarded $120,800.29 as her distributive award and defendant is awarded $80,096.81 as his distributive award.

Based upon our equitable distribution award, in conjunction with Supreme Court's award of exclusive use and possession of the unencumbered marital residence to plaintiff, we conclude that a reduction of Supreme Court's award of maintenance is warranted (see, DiCaprio v DiCaprio, 162 AD2d 944, lv denied 77 NY2d 802; Lesch v Lesch, 201 AD2d 900). After consideration of the reasonable needs and resources of the parties, we reduce plaintiff's maintenance award to the sum of $150 a week. We modify the second decretal paragraph, therefore, to provide "that the Defendant shall pay to the Plaintiff, as and for spousal maintenance, the sum of $150.00 per week, com-

mencing on July 9, 1993 and on each and every Friday thereafter for a period of 5 years".

We further conclude that Supreme Court properly based its child support award on defendant's ability to earn rather than defendant's voluntary unemployment *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941; *Matter of Ciostek v Ciostek,* 186 AD2d 1087, 1088; *Matter of Moore v Moore,* 115 AD2d 894, 895-896). Supreme Court provided in the tenth decretal paragraph that income was imputed to defendant in the amount of $77,000 per year. It was error, however, for Supreme Court to direct that said income shall be imputed to defendant "for so long as the Defendant remains unemployed or earns less than $77,000.00 per year". Consequently, we modify the tenth decretal paragraph by deleting that direction.

Because Supreme Court reserved decision on the amount of child support arrears, the issues raised by defendant concerning those arrears are not properly before us.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Reagan, J.—Equitable Distribution.) Present—Green, J. P., Balio, Lawton, Doerr and Boehm, JJ.