■ MARCIA G. PILATO, Respondent, v SAMUEL P. PILATO, Appellant. (Appeal No. 1.) [615 NYS2d 182] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court properly classified 27 shares of defendant's closely-held corporation transferred to defendant during the marriage as marital property *(see, Sclafani v Sclafani,* 178 AD2d 830; *Hackett v Hackett,* 147 AD2d 611, 614; *Wegman v Wegman,* 123 AD2d 220, 230). Defendant did not meet his burden of establishing that the shares were separate property *(see, McSparron v McSparron,* 190 AD2d 74, 77; *Heine v Heine,* 176 AD2d 77, 83, *lv denied* 80 NY2d 753). The court acted within its discretion when it used the asset valuation method to value the shares of the corporation *(see, Wilbur v Wilbur,* 116 AD2d 953). The court also properly held that plaintiff was entitled to share in the appreciation of the remaining 30 shares of the corporation that were determined to be defendant's separate property, based upon plaintiff's contributions as a homemaker and through outside employment *(see, Derderian v Derderian,* 167 AD2d 158, *lv denied* 77 NY2d 804; *Robinson v Robinson,* 166 AD2d 428, 430, *lv denied* 77 NY2d 807; *Lord v Lord,* 124 AD2d 930).

The court properly considered the parties' pre-divorce standard of living as well as the reasonable needs of plaintiff and the means of defendant in setting maintenance *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Burns v Burns,* 193 AD2d 1104, 1105, *lv granted* 82 NY2d 664). The court also properly considered the earning capacity of defendant rather than the income

reported on his tax returns *(see, Hollis v Hollis,* 188 AD2d 960, 961; *Rosenberg v Rosenberg,* 155 AD2d 428, 431). The seven-year duration of maintenance, which will allow plaintiff to complete her master's degree and will continue for a reasonable time thereafter, was proper, particularly given the disparity in earning capacities *(see, Bohnsack v Bohnsack,* 185 AD2d 533, 534; *Benisatto v Benisatto,* 151 AD2d 533; *see also, Schlosberg v Schlosberg,* 163 AD2d 381).

The court's child support award is not substantiated by the record because the court failed to set forth the manner in which it calculated the parties' income and its preliminary calculations of basic child support *(see, Lesch v Lesch,* 201 AD2d 900; *Costanza v Costanza* [appeal No. 2], 199 AD2d 988, 990). In addition, although the court properly ordered defendant to pay the college tuition of the two older daughters *(see, Cockrell v Cockrell,* 172 AD2d 1024; *see also, Matter of Cassano v Cassano,* 203 AD2d 563), it was premature to order him to pay the college tuition of the two younger daughters *(see, Nolfo v Nolfo,* 188 AD2d 451, 454-455; *Graham v Graham,* 175 AD2d 540, 542). We modify the judgment appealed from, therefore, by deleting the twenty-first and twenty-second decretal paragraphs, that portion of the twenty-third decretal paragraph concerning the payment of child support, and that portion of the twenty-sixth decretal paragraph requiring defendant to pay the college tuition expenses of Erica and Alexandra; we remit the matter to Supreme Court to make the necessary calculations and findings in arriving at a child support award. (Appeal from Judgment of Supreme Court, Genesee County, Graney, J.—Divorce.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.