918

■ VIOLETA G. PEJO, Appellant, v SAMUEL P. PEJO, Respondent. [624 NYS2d 290] —Mercure, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered July 19, 1994 in Broome County, which partially granted plaintiff's application for maintenance and denied further counsel fees.

Plaintiff and defendant were married in 1969. At the time, plaintiff worked as a Registered Nurse and defendant, who had already received a medical degree, was a surgical resident. By the time plaintiff commenced this divorce action in 1991, defendant had long since established a group practice in plastic surgery, plaintiff had discontinued her employment and taken on the role of full-time wife and mother of the parties' three children (now adults), and the parties had amassed considerable wealth and enjoyed a very comfortable, if not lavish, lifestyle. During the pendency of the divorce action, defendant voluntarily paid plaintiff $1,500 a month in maintenance, paid many of her expenses and also paid $13,500 toward her counsel fees. Plaintiff and defendant entered into a stipulation settling most of their differences, including the identification and equitable distribution of marital property, and a nonjury trial was conducted on the disputed issues of maintenance, counsel fees and plaintiff's demand that defendant maintain life insurance to ensure the payment of maintenance. Supreme Court awarded plaintiff maintenance of $1,500 per month for three years, retroactive to June 1991, but awarded no life insurance or counsel fees beyond the $13,500 already paid by defendant. Plaintiff appeals.

We affirm. We conclude that, based upon its consideration of the statutory factors (Domestic Relations Law § 236 [B] [6] [a]), Supreme Court acted well within its discretion in granting plaintiff only durational maintenance (see, Sperling v Sperling, 165 AD2d 338, 342; Petrie v Petrie, 124 AD2d 449, lv dismissed 69 NY2d 1038). The trial evidence amply supported Supreme Court's finding that, although out of the workforce for approximately 20 years, plaintiff is "undoubtedly employable" as a Registered Nurse, the only impediment being her failure to direct efforts toward obtaining available retraining and employment (see, Harmon v Harmon, 173 AD2d 98, 108-109). Further, the parties' stipulation provided for the distribution to plaintiff of more than half of the parties' property, including coins, furs, jewelry, gold, silver and collectibles valued at $100,000 to $150,000, a $1 million share of defendant's pension, available with no tax consequences to plaintiff at the end of approximately seven years, and at least $175,000 in cash and securities, thereby providing sufficient assets for plaintiff's

support *(see,* Domestic Relations Law § 235 [B] [6] [a] [1]; *Match v Match,* 179 AD2d 124, 127-128; *see also, Mullin v Mullin,* 187 AD2d 913). Supreme Court was also entitled to discount plaintiff's unsupported testimony concerning her poor health and to credit the persuasive evidence concerning defendant's declining health and earnings capacity and his long-time intent to retire at age 55 *(see, Loeb v Loeb,* 186 AD2d 174, 176). Notably, in June 1994, decreased earnings forced each of the shareholders in defendant's practice to take a $48,000 cut in annual salary, and there was no reason to believe that the situation would soon improve. Under the circumstances, and recognizing that plaintiff's ability to become self-supporting does not create a per se bar to an award of lifetime maintenance, we agree with Supreme Court's conclusion that it was not possible for either party to maintain anything close to the lavish predivorce standard of living and find no abuse of discretion in the maintenance award it fashioned in light thereof *(see, Hartog v Hartog,* 85 NY2d 36, 51-52).

Considering the substantial distribution of marital property to plaintiff *(see, Lauria v Lauria,* 187 AD2d 888, 890; *McCarthy v McCarthy,* 172 AD2d 1040) and the $13,500 already paid by defendant *(see, Brennan v Brennan,* 124 AD2d 410, 413), Supreme Court did not abuse its discretion in denying further counsel fees *(see, O'Brien v O'Brien,* 66 NY2d 576, 590). As a final matter, in view of Supreme Court's award of durational maintenance only, there was no basis for an award of life insurance.

Cardona, P. J., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, with costs.