■ TERRENCE R. DUGAN, Appellant, v MARGARET R. DUGAN, Respondent. [656 NYS2d 769] —Spain, J. Appeal from a judgment of the Supreme Court (Monserrate, J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered October 18, 1995 in Broome County, upon a decision of the court.

The parties were married on April 23, 1982 and maintained their residence in the Village of Johnson City, Broome County. They have no children from their marriage; plaintiff has two

children from a previous marriage. At all times relevant hereto, plaintiff was a practicing attorney specializing in matrimonial law and defendant was an administrator with the State Office of Mental Health. From July 1985 to June 1990, promotions which defendant pursued and accepted required her to live in the vicinity of the City of Rochester, Monroe County, and she commuted to the marital residence on weekends. During this period, defendant completed the work necessary to fulfill the requirements for her Master's degree which she had commenced prior to the marriage. In June 1990, defendant took a lateral transfer to a position in Broome County. The record reveals that the parties retained a great degree of financial independence, maintaining separate accounts, investments and personal credit cards; the parties did, however, share a limited amount of common and joint expenses, and occasionally assisted each other with unusual individual expenses.

The instant action was commenced in December 1992. The parties consented to the entry of a judgment granting mutual divorces; subsequently a nonjury trial was held on the issue of the equitable distribution of marital property. After trial, Supreme Court found that the parties entered the marriage with established and independent professional careers; that neither assisted, advanced or enhanced the other's career during the marriage; and that both departed the marriage with their careers intact, unaffected by the marriage. The court also found that each party maintained his or her own finances and assets while meeting joint marital expenses, creating only two significant pooled assets, i.e., the marital residence and a vacant lot purchased for a proposed future marital residence. The court further found that, beyond the joint expenses and the two pooled assets, the only significant movements of money between the parties during the marriage was from defendant to plaintiff to help him meet business-related obligations or to pay college tuition for one of his children. Supreme Court concluded that under the unusual circumstances of this marital arrangement and in fairness, both parties should retain their individually titled assets and property. The court equally divided the net proceeds from the sale of the marital residence* and certain tax refunds. As to the vacant lot, the court provided for plaintiff to receive title upon his payment to defendant of the amount she contributed toward its purchase, i.e., a $19,000 payment upon its purchase and a $13,000 balloon mortgage payment. The court also awarded defendant $7,500 in counsel fees. Plaintiff appeals.

---

* The marital home had been sold and the net proceeds were in escrow.

Initially, we reject plaintiff's contention that Supreme Court erred in awarding defendant a disproportionate share of the marital assets; his argument that he is entitled to an equal division of the marital assets is unavailing. In our view Supreme Court properly considered the 10-year length of this childless marriage, the respective financial contributions to the marriage by these financially independent professionals and their respective long-term careers and earning capacities; the court based its conclusion on the limited nature of the parties' financial partnership and their respective contributions to that partnership and to each other (see, Kobylack v Kobylack, 111 AD2d 221, 222-223). Accordingly, we find no reason to disturb Supreme Court's discretionary equitable distribution award of approximately 66% to defendant and 33% to plaintiff (see, Domestic Relations Law § 236 [B] [5] [d] [1], [2], [5], [8]; Fleitz v Fleitz, 223 AD2d 946, 949, lv denied 88 NY2d 802; Greenwald v Greenwald, 164 AD2d 706, 713, lv denied 78 NY2d 855; Michalek v Michalek, 114 AD2d 655, lv denied 69 NY2d 602).

Here, the parties had, at best, only very limited equitable claims to, interest in, or direct or indirect contribution to the acquisition of the property titled in the other (see, Domestic Relations Law § 236 [B] [5] [d] [6]). The parties were separated by long-distance employment for half of the marriage with defendant picking up the expense associated therewith; defendant was the homemaker during the marriage even when she was employed out of town. Further, the record amply supports Supreme Court's conclusion that, despite his assertions to the contrary, plaintiff did not contribute to defendant's career, directly or indirectly. Notably, distribution substantially according to the identity of the party in whose name each asset was held can be a reasonable manner of distribution (see, Palmer v Palmer, 156 AD2d 651, 652). Supreme Court was fully cognizant of the unusual circumstances of the marriage and the impact of those circumstances on the fairness of its distribution.

Next, we reject plaintiff's assertion that Supreme Court incorrectly valued the vacant lot. In 1989, the parties purchased the parcel for $35,000. Plaintiff made a down payment of an undisclosed amount and made undisclosed mortgage payments for two years; however, it is undisputed that defendant paid $19,000 upon its purchase and a subsequent $13,000 balloon mortgage payment. Supreme Court required a distribution of $32,000 from plaintiff to defendant to reimburse her for the uneven contribution thereto and directed defendant to transfer her one-half interest in the parcel to plaintiff. While Supreme

Court did not assign a value to the parcel, plaintiff himself stated in his March 1993 statement of net worth that the parties' equity in the property was $35,000. As the 1989 purchase was relatively close to the commencement of the divorce, the purchase price could reasonably support a finding of a value of $35,000 (see, Day v Day, 152 AD2d 827, 828). We thus conclude that plaintiff has failed to establish that Supreme Court abused its discretion in the distribution of the vacant lot.

We next reject plaintiff's contention that Supreme Court erred in failing to find that he contributed to an enhanced earning capacity associated to defendant's Master's degree. "To justify a distributive award, representing one half of the value of defendant's Master's degree * * * there must be some evidence in the record from which a proper valuation of the degree may be derived" (Semans v Semans, 199 AD2d 790, lv denied 83 NY2d 758 [citations omitted]). Here, as in Semans v Semans (supra), the testimony of plaintiff's expert was based upon an unfounded assumption. Plaintiff's expert opined that defendant's 1992 actual State salary was enhanced by the Master's degree merely because she had the degree at that time; the record, however, does not support that opinion. In June 1990, defendant accepted a lateral transfer back to Broome County remaining in the same titled position, which position she held at the time of the trial. The position did not require a Master's degree (i.e., defendant was qualified for the appointment without a Master's degree) and in 1988, the year of her temporary and permanent appointments, she did not have a Master's degree.

We do, however, agree with plaintiff that under the circumstances of this case the award of counsel fees to defendant was inappropriate. We find no support in the record for Supreme Court's conclusion that plaintiff made defense counsel's work unreasonably and unnecessarily longer. As excessive as plaintiff's lengthy discovery demand may have been, defendant's billing records fail to show more than minimal attention to it by her attorney; those billing records also show that many of her attorney's services had nothing to do with the instant divorce action. Viewed from this perspective, we conclude that there was no basis for an award of counsel fees. Furthermore, defendant is a well paid professional with a secure future. The judgment leaves her financially well situated and fully capable of meeting her obligation (see, Tanner v Tanner, 107 AD2d 980, 983). There is no disparity of income and resources operating to defendant's disadvantage; rather, she was left in a very strong financial position (see, Thomas v Thomas, 221 AD2d

621, 623; *Pejo v Pejo*, 213 AD2d 918, *lv denied* 85 NY2d 811; *Lauria v Lauria*, 187 AD2d 888).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded defendant counsel fees; defendant's application for counsel fees is denied; and, as so modified, affirmed.

