Lahtinen, J.P.
Appeal from a judgment of the Supreme Court (McGrath, J.), entered September 13, 2013 in Ulster County, ordering, among other things, equitable distribution of the parties’ marital property, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) married in September 2005, they have one child (born in 2008) and this divorce action was commenced in August 2011. They stipulated to a settlement regarding many issues; however, a bench trial ensued on several disputed matters including, as relevant on appeal, equitable distribution of an investment account and the marital residence. The investment account had been funded by money received prior to the marriage. Each party had an equity interest in a company that had been bought out, with the husband receiving a payout of $1.6 million and the wife $180,000. After they married, they transferred what remained of those payouts into a joint investment account, which had an initial value of $1.45 million. They used such funds to, among other things, purchase what would later become the marital home in Ulster County for $520,000 in December 2005, which they moved into upon returning from California in 2010.* The Ulster County home was purchased with a $220,000 down payment and a $300,000 private loan from the wife’s father. The private loan was paid off using the investment account funds after the wife had filed her divorce complaint, but before the husband had been served. At the time of the bench trial, the investment account had a remaining balance of $111,940 and the marital home in Ulster County was unencumbered. Supreme Court determined that those assets should be split 60% to the husband and 40% to the wife. The wife appeals arguing that the account and marital home should have been divided equally.
“It is well established that equitable distribution of marital property does not necessarily mean equal, and Supreme Court has substantial discretion in fashioning an award of equitable distribution” (Lurie v Lurie, 94 AD3d 1376, 1378 [2012] [citation omitted]; see Schwalb v Schwalb, SO AD3d 1206, 1208 [2008]). Stated another way, “the trial court has substantial flexibility in fashioning an appropriate decree based on what it views to be fair and equitable under the circumstances” (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 420 [2009]). This was a short marriage and the husband contributed substantially more to the relevant assets (see Dugan v Dugan, *1373 238 AD2d 741, 743 [1997]; Michalek v Michalek, 114 AD2d 655, 656 [1985], lv denied 69 NY2d 602 [1986]). Supreme Court set forth the pertinent statutory factors. Its findings included, among other things, that the wife diverted rental funds from the California property to her own account, she failed to address or agree to timely mortgage and tax payments involving the California property, and marital funds were used to improve the wife’s separate (purchased pre-marriage) real property in Ulster County. While these findings involved credibility determinations, we accord deference to such determinations by the trier of fact (see e.g. Noble v Noble, 78 AD3d 1386, 1388 [2010]). Moreover, the two assets in dispute, although significant, were only part of a comprehensive division of the parties’ property in which, among other things, they kept their own retirement accounts and split equally the value of the California property. Upon review of the record, we are unpersuaded that Supreme Court’s award regarding the disputed assets constituted a clear abuse of discretion.
Garry, Lynch and Devine, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 They also purchased in early 2008 a home in California for $999,000 using $250,000 from the investment account and financing the rest with a bank mortgage.