■ In the Matter of DIANE GLOBERSON, Respondent, v JON D. GLOBERSON, Appellant. — Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered April 7, 1981, which, *inter alia,* denied respondent husband's motion to set aside a prior order of the Family Court directing the payment of child support and arrearages. On February 26, 1974, petitioner wife obtained a decree of separate support from the Probate Court of Norfolk County, Commonwealth of Massachusetts, which, *inter alia,* granted custody of the minor child of the parties to petitioner and ordered respondent husband to pay $50 per week for the child's support. Subsequently, on May 20, 1974 and December 19, 1974, this decree was modified as to the amount to be paid for child support by further orders of that court. On November 6, 1975, a judgment of divorce nisi, obtained by petitioner was entered in the same court, but without personal service on respondent husband. The judgment was interlocutory and not to become final until the expiration of six months from the date of its entry, that is, on or about May 6, 1976. Various orders of child support were thereafter procured by petitioner in the Family Courts of New York State. The instant appeal is from an order of support granted by the Family Court of Saratoga County on April 7, 1981. The only issue raised on this appeal is whether the Family Court had jurisdiction of the subject matter with regard to the issuance of the orders of child support. Respondent contends that the decree of the Probate Court of Norfolk County, Massachusetts, dated February 26, 1974, which gave custody of the minor child of the parties to petitioner wife and directed respondent to pay $50 per week as child support, as amended by later orders, ceased to exist as of November 6, 1975 because, on that date, the same court granted the judgment of divorce nisi to petitioner wife. Respondent further argues that under Massachusetts law, the Probate Court order of separate support depends upon the existence of a marriage relationship for its continued effectiveness and that the divorce nisi procured by petitioner ended the marriage between the parties, and, in turn, terminated the separate support order. He reasons that this termination then deprived the New York Family Court of jurisdiction pursuant to subdivision (c) of section 466 of the Family Court Act and that without the authority of that section, the court lacked jurisdiction over the subject matter of the proceeding. Specifically, he urges, relying on *Matter of Silver v Silver* (36 NY2d 324), that once the separate support order ceased to exist, the Family Court had no order to modify

and thus acted without jurisdiction of the subject matter. We disagree. The order of the Family Court should be affirmed. Respondent has not sustained his burden of showing that the Family Court was without jurisdiction of the subject matter when it issued its initial order of support in enforcement of the Probate Court order of separate support on March 19, 1976. It is well established that a judgment of a court of record will not be destroyed by a doubt about its jurisdiction unless its lack of jurisdiction has been clearly established (*Matter of Spring,* 280 App Div 642, 644-645; *Hayes v Kerr,* 19 App Div 91, 110). Respondent mistakenly relies on the Massachusetts cases of *Madden v Madden* (359 Mass 356), *Ragucci v Ragucci* (357 Mass 235) and *Rosa v Rosa* (296 Mass 271), for the proposition that a valid decree of divorce terminates the marriage relationship and thereby the right to separate support under section 32 of chapter 209 of the Massachusetts General Law. These cases are distinguishable. They merely hold that the husband is entitled to be discharged from his liability for payments under the decree for separate support, not that he is automatically so discharged by operation of law. In *Rosa v Rosa (supra),* the Probate Court made a finding that the relation of husband and wife ceased on the date of the entry of the *final* decree of divorce. In *Madden v Madden (supra),* the reviewing court noted that the marriage relationship is terminated only if the foreign divorce decree was valid and then went on to uphold the finding that the foreign decree was invalid under Massachusetts law. Respondent nowhere demonstrates on this appeal that any court discharged him from the obligation of child support imposed on him by the Probate Court. There is no showing that the separate support decree of the Probate Court had ceased to exist. To the contrary, the judgment of divorce nisi was an interlocutory, nonfinal judgment. At most, respondent casts doubt on the issue of subject matter jurisdiction but does not succeed in showing its absence. We, therefore, conclude that the Family Court of Rensselaer County had jurisdiction of the subject matter on March 19, 1976. Its order of support amending the Probate Court order of separate support was entered prior to the time the judgment of divorce nisi became final. Moreover, respondent's contentions must fail for other reasons. The parties herein appeared in the Family Court of Saratoga County as a result of a petition filed by petitioner wife. Based upon a written stipulation made by both parties in open court, an order of child support was issued by that court on April 17, 1980. The order provided, *inter alia,* "that arrearages under all prior court orders of any court of any state concerning the support and maintenance of Richard Globerson by the respondent through March 21, 1980, is the sum of Seventy-Five Hundred Dollars ($7,500)". The order also directed respondent to pay a total of $75 per week support, $60 of which is to be allocated for the support of the child and $15 for arrearages. Certainly, independent of any argument as to the validity of the order entered on March 19, 1976, the Family Court possessed the requisite subject matter jurisdiction on that date pursuant to sections 413, 423, 425, 443 and 461 of the Family Court Act. Section 413 of the Family Court Act establishes the father's duty to support his child until the child reaches the age of 21 years. Subdivision (a) of section 461 of the act provides that a final judgment terminating a marriage does not eliminate or diminish that duty and "[i]n the absence of an order of the supreme court or another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support." Under sections 443 and 451 of the act, the Family Court is given the power to issue orders to compel payment of support and it is granted continuing jurisdiction to enforce its orders. Section 425 of the act permits the Family Court to enter an order of support based on the written stipulation of the parties concerning child

support. The Family Court properly denied respondent's motion to set aside the order entered April 7, 1981. Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.