■ KAREN M. MUGAS, Respondent, v JOHN M. MUGAS, Appellant. [621 NYS2d 267] —Judgment modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly exercised its discretion in denying defendant's motion for recusal (see, *People v Bibbs,* 177 AD2d 1056, *lv denied* 79 NY2d 918). There is no merit to the contention of defendant that the court erred in determining his basic child support obligation. The court set forth the reasons for its child support award of $142 per week including, *inter alia,* the financial resources of defendant, his daughter's needs and the disparity between the parties' gross incomes. We conclude that the award was just and appropriate (see, Domestic Relations Law § 240 [1-b] [f], [g]).

The court did not improvidently exercise its discretion in ordering defendant to pay for his daughter's college tuition should his daughter attend college (see, *Manno v Manno,* 196 AD2d 488, 491). The court erred, however, in directing that defendant be solely responsible for his daughter's uninsured

medical expenses. The court should have prorated those expenses in proportion to each party's income *(see,* Domestic Relations Law § 240 [1-b] [c] [5]), and we modify the judgment accordingly *(see, Costanza v Costanza,* 199 AD2d 988, 991).

We reject defendant's contention that the court's distributive award of 35% of the value of the rental properties was erroneous. The court did not abuse its discretion in making that award, and we decline to disturb it *(see, Petrie v Petrie,* 124 AD2d 449).

Finally, upon our review of the record, we conclude that reduction of the duration of the maintenance award is warranted *(see, DiCaprio v DiCaprio,* 162 AD2d 944, *lv denied* 77 NY2d 802). Based upon the reasonable needs and resources of the parties, we conclude that the duration of the maintenance award of $75 per week must be reduced from a period of seven years to a period of five years *(see, Southwick v Southwick,* 202 AD2d 996, 997-998).

All concur except Balio, J. P., who dissents and votes to reverse in the following Memorandum.

Balio, J. P. (dissenting). Because I am unable to agree with the majority that Supreme Court properly exercised its discretion in denying defendant's motion for recusal, I respectfully dissent.

Ordinarily, the Judge presiding over a trial is the sole arbiter whether he should recuse himself in order to avoid the appearance of impropriety *(see, People v Moreno,* 70 NY2d 403, 406). In the trial of this case, however, the Judge also served as fact finder. Where the Judge also serves as fact finder, he may be obligated to disqualify himself in circumstances where, if he were presiding, the decision would be discretionary *(see, e.g.,* 7 Selected Opns of Advisory Comm on Judicial Ethics 91-56 [1991]). This is one of those circumstances.

22 NYCRR 100.2 (b) provides that "[n]o judge shall allow his or her family, social, or other relationships to influence his judicial conduct or judgment." The Judge, on the second day of trial, informed the parties that he and plaintiff's counsel were social acquaintances; that he and his wife see plaintiff's counsel and counsel's wife every two or three months. Although the Judge acknowledged that he did not feel uncomfortable, he noted that "it seems to me that that disclosure ought to be made on the record." The Judge asked defendant's counsel to talk with his client about that disclosure. After a brief discussion with his client, defendant's counsel asked the Judge to recuse himself. The belated disclosure reflects the

Judge's concern that the relationship was significant enough to require disclosure and to elicit the consent of defendant to the Judge's role as fact finder in the case. In my view, when defendant did not consent and affirmatively asked for recusal, the Judge should have disqualified himself in order to avoid the appearance of impropriety. Thus, I would reverse and grant a new trial before a different Judge. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Divorce.) Present—Balio, J. P., Lawton, Fallon, Wesley and Doerr, JJ.