■ ELLEN P. CAPPUCCIO, Respondent, v RICHARD CAPPUCCIO, Appellant. [625 NYS2d 603] —In a matrimonial action in which

the parties were divorced by a judgment dated October 8, 1992, the defendant appeals, as limited by his brief, from stated portions of a resettled judgment of the Supreme Court, Queens County (Leviss, J.), dated February 3, 1993.

Ordered that the resettled judgment is affirmed insofar as appealed from, with costs.

The defendant contends that the plaintiff's motion to resettle the judgment dated October 8, 1992, should have been presented to the Judicial Hearing Officer who issued that judgment, and that Justice Leviss was without jurisdiction to entertain the plaintiff's motion. A judgment of a court of record will not be invalidated unless the court's lack of jurisdiction is clearly established (see, Matter of Globerson v Globerson, 88 AD2d 1016, 1017). The burden of proof is upon the party attacking the validity of the jurisdiction to establish the lack of jurisdiction by clear and convincing evidence (see, Matter of Spring, 280 App Div 642, 644).

The plaintiff averred that Judicial Hearing Officer Harold Hyman had retired prior to the submission of the motion to resettle and therefore was unavailable. In response, the defendant offered only a letter of the Office of Court Administration, which indicated that Judge Hyman had been designated a Judicial Hearing Officer for a two year term, commencing July 1, 1991, covering the period of time in question. However, in his letter to the Office of Court Administration, the defendant conspicuously avoided asking the central question as to whether Judge Hyman retired prior to the motion to resettle. Thus, the defendant has failed to carry his burden of establishing a lack of jurisdiction on behalf of Justice Leviss to entertain the motion to resettle.

Furthermore, contrary to the defendant's contentions, the resettled judgment accurately reflects the stipulation between the parties.

We have examined the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.