■ In the Matter of WILLIAM H. EGGERT, Appellant, v CAROLYN A. SIMPSON, Respondent. [637 NYS2d 862] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The parties were divorced in 1986 by a decree that incorporated a separation agreement providing for joint custody of a son born in 1973 and a daughter born in 1975. The children were to reside with the mother, and the father was initially to pay child support of $30 per week per child. That amount was to increase to $37.50 per week in 1989. The agreement also provided that, if the children resided with their father for more than 31 consecutive days, his support would cease during residence with him. The decree was modified by a Hearing Examiner on May 3, 1990, when the father agreed to pay support through the Child Support Enforcement Unit.

On June 16, 1990, the daughter, then 15 years old, moved in with her father, and on June 27, 1990, Family Court gave him temporary physical custody. At that time, the mother agreed to accept two weeks of support from the father and the parties agreed that thereafter neither parent would pay child support. The parties earned approximately the same income, and each had one child.

On January 14, 1991, a Family Court Judge granted the father permanent custody of the daughter and a different Family Court Judge granted the father physical custody of the son. Two days later, the second Judge ordered the mother to pay child support of $37.50 per week per child.

On November 20, 1992, a Hearing Examiner ordered the mother to pay $60 per week per child and established arrears at $1,000. At about that time, the son returned to live with the mother but she did not then seek modification of either the custody or the support order.

On June 28, 1993, the father sought modification of the support order to require the mother to pay support through the

Niagara County Support Collection Unit. The Hearing Examiner's order dismissing that petition is challenged on this appeal.

On August 12, 1993, the mother sought modification of the November 20, 1992 order to terminate her obligation to pay support for her son as of that date inasmuch as he had been residing with her; she also sought an order requiring the father to support the son in accordance with his income and the Child Support Standards Act (CSSA). The next day, both parties appeared *pro se* before a Hearing Examiner, who ruled that the mother should have sought to modify the support order as soon as her son returned to live with her. The Hearing Examiner held that the prior order remained in effect, and ordered the mother to pay arrears of $4,800.

On August 26, 1993, the mother again sought modification of the November 20, 1992 order on the ground that her son had lived with her since November 1992, and on the additional ground that her daughter expected to return on September 1, 1993. She sought support for both children pursuant to the CSSA. The same day, she filed a second petition seeking arrears of $5,250 for the father's alleged violation of the support order of May 3, 1990. The Hearing Examiner's orders granting both petitions are challenged on this appeal.

On September 23, 1993, the father filed two cross petitions, one for a determination that the son was emancipated, and the other for dismissal of the violation petition. The Hearing Examiner's orders dismissing both cross petitions are challenged on this appeal.

The father filed objections to all five orders of the Hearing Examiner; they were denied in one order by a Family Court Judge.

The father raises six arguments on appeal but has not preserved for review any arguments with respect to dismissal of the petition dated June 28, 1993. His argument that the court erred in finding that the son was not emancipated lacks merit. The only proof concerning emancipation came from the son, who testified that his employment was temporary so that he could save money for college.

We further conclude that the Hearing Examiner did not err in ordering child support pursuant to the CSSA, retroactive to the date of the modification petition. The Hearing Examiner's use of the terms "custodial parent" and "non-custodial parent" in the order does not constitute a custody determination; custody was not at issue and in any event, the Hearing Examiner lacks power to determine custody *(see,* Family Ct Act § 439 [a]). The Hearing Examiner used those terms to

indicate that the mother was providing a home for the children. Having acquiesced in the living arrangement, the father may not be heard to argue that his legal custody shields him from his support responsibility.

We agree with the father, however, that the Hearing Examiner erred in finding that he violated a different Hearing Examiner's support order of May 3, 1990 and granting arrears in the amount of $5,250. That order was superseded by the order of June 27, 1990. By its terms, the June 27 order gave temporary physical custody of the daughter to the father and provided for two weeks support. The record shows that the June 27 order was a consent order and that the parties further agreed that thereafter each parent would support the child living with that parent.

We modify the order on appeal, therefore, by sustaining in part the objections to the orders of the Hearing Examiner, by vacating the order of the Hearing Examiner granting the violation petition dated August 26, 1993 and dismissing that petition and by vacating the order of the Hearing Examiner dismissing the cross petition dated September 23, 1993 seeking dismissal of the violation petition and granting that cross petition. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Child Support.) Present—Pine, J. P., Lawton, Wesley, Davis and Boehm, JJ.