■ In the Matter of LUSYLVIA HOWARD, Respondent, v ERNEST L. JOHNSON, Appellant. [643 NYS2d 259] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Respondent appeals from an order denying his objections to the order of the Hearing Examiner directing him to pay $136 biweekly

in child support for his daughter, effective August 15, 1993. We reject the contention of respondent that his daughter is emancipated. The record establishes that the daughter, who lived with petitioner, was employed 30 hours a week for a few months to save money for college, which she planned to attend on a full-time basis beginning in January 1995. From our review of the record, we conclude that the daughter is not emancipated (*see, Matter of Eggert v Simpson*, 224 AD2d 958; *Matter of Jaffee v Jaffee*, 202 AD2d 264, 264-265; *Matter of Alice C. v Bernard G. C.*, 193 AD2d 97, 105), and, therefore, that termination of respondent's statutory duty to support the daughter to age 21 on that basis is not warranted.

The Hearing Examiner, however, should have made the order of support retroactive only to the date on which the modification petition was filed, i.e., June 6, 1994 (*see*, Family Ct Act § 449 [2]; *see, e.g., Matter of Eggert v Simpson, supra*). Therefore, we modify the order by sustaining in part respondent's objections to the order of the Hearing Examiner and providing that the order of the Hearing Examiner be retroactive to June 6, 1994. (Appeal from Order of Erie County Family Court, Rosa, J.—Child Support.) Present—Lawton, J. P., Wesley, Callahan, Balio and Davis, JJ.