■ In the Matter of ANDREA M. GIANNINY, Respondent, v MARK R. GIANNINY, Appellant. [683 NYS2d 769] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Monroe County Family Court for further proceedings in accordance with the following Memorandum: Respondent appeals from an order denying his objections to the Hearing Examiner's findings of fact and confirming the Hearing Examiner's upward modification of child support from $600 per week to $4,000 per month. The Hearing Examiner properly determined that petitioner established a change of circumstances warranting an increase in child support in the best interests of the children. The record establishes "that the combination of [petitioner's] own income and the payments contributed by respondent does not adequately meet the children's needs" (*Matter of Brescia v Fitts*, 56 NY2d 132, 140; *see, Matter of Neil v Neil*, 232 AD2d 771, 772; *Jensen v Jensen*, 212 AD2d 1003, 1004). The Hearing Examiner did not err in

making the child support award retroactive to the date of the petition, with appropriate credits for payments made by respondent (*see,* Family Ct Act § 449 [2]; *Matter of Howard v Johnson,* 227 AD2d 929, 930; *Matter of DeVoe v Erck,* 226 AD2d 1111, 1112; *Matter of Eggert v Simpson,* 224 AD2d 958, 959).

We conclude, however, that the Hearing Examiner erred in not providing a sufficient articulation of his reasons for applying the statutory percentage of 25% for two children to the combined income in excess of the statutory cap of $80,000 and for then deviating from the result obtained without articulating the statutory factors, including the reasonable needs of the children (*see,* Family Ct Act § 413 [1] [g]; *Matter of Niagara County Dept. of Social Servs. [D. A. H.] v C. B.* [appeal No. 3], 234 AD2d 897, 899; *Matter of Dower v Niewiadowski,* 233 AD2d 847, 848). In applying the statutory percentage to the income of the parties over $80,000, the Hearing Examiner merely stated that such an award is appropriate because respondent "has lived a lavish lifestyle" and "the children are entitled to share a similar life style". According to the Hearing Examiner's calculations, the statutory percentage resulted in an amount of $4,932 per month; nevertheless, the Hearing Examiner limited respondent's support obligation to $4,000 per month without elaborating why he had determined that any amount over $4,000 would be " 'unjust and inappropriate' ".

Further, the child support award was improperly calculated under a three-step formula set forth in Family Court Act § 413 (1) (c) (1)-(3). First, the "combined parental income" is determined by adding the income of both parents (*see,* Family Ct Act § 413 [1] [b] [4]; [c] [1]). Here, the annual income for petitioner is $20,000 and for respondent is $256,743. Thus, the "combined parental income" is $276,743. Second, "[t]he court shall multiply the combined parental income up to eighty thousand dollars by the appropriate child support percentage" and that amount is then "prorated in the same proportion as each parent's income is to the combined parental income" (Family Ct Act § 413 [1] [c] [2]). This step requires several calculations. Here, the "combined parental income up to eighty thousand dollars" is $80,000. The "appropriate child support percentage" for two children is 25% (*see,* Family Ct Act § 413 [1] [b] [3] [ii]). Multiplying $80,000 by 25% results in a basic child support obligation of $20,000. That amount "must be prorated in the same proportion as each parent's income is to the combined parental income." The proportion of respondent's income to the combined parental income is 92.773% and the proportion of petitioner's income to the combined parental

income is 7.227%. Thus, respondent's pro rata share of the $20,000 basic child support obligation is $18,554.61 and petitioner's pro rata share is $1,445.39.

Third, where the combined parental income exceeds $80,000, "the court shall determine the amount of child support for the amount of the combined parental income in excess of such dollar amount through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]). If an award takes into consideration income over the $80,000 cap and the statutory percentage is applied, that percentage should be multiplied by the balance remaining after deducting the $80,000 from the combined income and the result should be prorated to determine each parents' share (see, Family Ct Act § 413 [1] [c] [3]). Here, the amount of combined parental income in excess of $80,000 is $196,743 and that amount multiplied by the applicable 25% statutory percentage results in an additional child support obligation of $49,185.75. Respondent's pro rata share of that amount is $45,631.13 and petitioner's pro rata share is the balance, $3,554.62. Thus, respondent's total child support obligation, applying the 25% statutory percentage, equals $64,185.75 and petitioner's total child support obligation equals $5,000. Here, the Hearing Examiner erroneously applied the statutory percentage only to the amount of respondent's income over $80,000, rather than to the combined income of the parties.

Although the Hearing Examiner properly determined that the passive income of respondent from interest and capital gains from the partnerships, limited partnerships and subchapter S corporations in which he has an interest is income for the purpose of determining child support (see, McFarland v McFarland, 221 AD2d 983, 984; Matter of Smith v Smith, 197 AD2d 830, 831), he erred in precluding respondent's accountant from testifying whether such income was or actually could be distributed to respondent even though it was included as income in respondent's income tax return. That testimony may have been relevant on the issue whether the strict application of the statutory formula would be unjust or inappropriate (see, Family Ct Act § 413 [1] [f] [1], [3], [4], [10]).

We therefore modify the order by sustaining respondent's objections to the Hearing Examiner's findings of fact and vacating that part of the order confirming the award of child support, and we remit the matter to Monroe County Family Court to determine the appropriate amount of child support, and otherwise affirm. (Appeal from Order of Monroe County Family

Court, Bonadio, J.—Support.) Present—Denman, P. J., Green, Pine, Hayes and Boehm, JJ.