■■■ In the Matter of DAVID R. MCADAMS, Appellant, v JULIE PINCKNEY, Respondent. [789 NYS2d 581]—

Appeal from an order of the Family Court, Monroe County (Marilyn L. O'Connor, J.), entered April 17, 2003 in a proceeding pursuant to Family Court Act article 4. The order granted respondent's objections to the order of the Hearing Examiner entered January 31, 2003, vacated that order, directed respondent to pay petitioner $25 per month in child support and petitioner to pay 72% of the uninsured medical expenses and respondent to pay 28% of such expenses.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the objections are denied and the order entered January 31, 2003 is reinstated.

Memorandum: Petitioner appeals from an order of Family Court modifying an order of the Hearing Examiner that was entered upon the consent of the parties. Respondent thereafter filed objections with the court seeking to vacate the order of the Hearing Examiner. Even assuming, arguendo, that the court was empowered to review an order of the Hearing Examiner entered by consent (*see Matter of Culton v Culton*, 2 AD3d 1446 [2003]; *Matter of Steuben County Support Collection Unit v Bartholomew*, 2 AD3d 1434, 1435 [2003], *lv denied* 2 NY3d 703 [2004]; *Matter of Woods v Velez-Shanahan*, 308 AD2d 593, 594 [2003]), we conclude that the court erred in making new findings of fact and reducing respondent's child support obligation from $77.50 per week to $25 per month, a remedy that was not sought in the objections filed pursuant to Family Court Act § 439. No hearing having been held, there was no record upon which the court could make its "own findings of fact" (§ 439 [e]). In addition, it was improper to apply the "unjust or inappropriate" provisions of section 413 (1) (f) without notice or a hearing before the Hearing Examiner. Instead, respondent's remedy is to move to vacate the consent order before the Hearing Examiner. Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.