■ In the Matter of CATHERINE MANOCCHIO, Respondent, v VITTORIANO MANOCCHIO, Appellant. [792 NYS2d 279]—

Appeal from an order of the Family Court, Erie County (James H. Dillon, J.), entered March 10, 2004. The order denied the objections of respondent to the order of the Support Magistrate dated November 7, 2003.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the objections in part and providing that the payments for educational expenses shall be retroactive to December 10, 2002 and as modified the order is affirmed without costs.

Memorandum: In this child support proceeding, respondent appeals from an order that denied his objections to an earlier order of the Support Magistrate, issued after a fact-finding hearing. We reject the initial contention of respondent that the Support Magistrate's order was invalid because the Support Magistrate retired prior to signing it. The burden was on respondent, as the party seeking to invalidate the order, to establish the Support Magistrate's lack of authority to sign it (*see Cappuccio v Cappuccio*, 214 AD2d 696, 697 [1995]). The record is silent on the issue of whether the Support Magistrate retired and, if so, when. Thus, respondent failed to meet his burden.

We reject the further contention of respondent that Family Court improperly denied his objection to that part of the order requiring him to pay half of his daughter's educational expenses. Although the parties' settlement agreement was silent on this issue, the court has the power to order a parent to pay his or her child's educational costs (*see Mrowka v Mrowka*, 260 AD2d 613 [1999]; *Mugas v Mugas*, 210 AD2d 958 [1994]). The Support Magistrate properly determined that petitioner was unable to meet the child's educational needs on the income and support that she was receiving, and that respondent had the ability to pay support. We agree with respondent, however, that the court erred in ordering that the payments for educational expenses be retroactive to the date that the child began attending college. Here, the child support order may not be made effective prior to the date of the filing of the petition (*see* Family Ct Act § 449 [2]; *Matter of Gianniny v Gianniny*, 256 AD2d 1079, 1079-1080 [1998]; *Matter of Howard v Johnson*, 227 AD2d 929, 930 [1996]). We thus modify the order by granting in part respondent's objections to the order of the Support Magistrate and providing that the payments for educational expenses shall be retroactive to December 10, 2002, the date of the filing of the petition (*see Howard*, 227 AD2d at 930).

We reject the further contention of respondent that the court should have ordered that his duty to pay those educational expenses be offset by the amount that he had previously paid for his son's educational expenses. As noted, here, an order for payment of educational expenses may not be made effective as of a date prior to the filing of the petition seeking those expenses. Because respondent failed to file a petition seeking reimburse-

ment for his son's educational expenses, they may not be used as an offset against his current obligations. We reject the further contention of respondent that the court erred by refusing to overturn the Support Magistrate's determination that his testimony was not credible. " 'The greatest deference should be given to the decision of the [Support Magistrate,] who is in the best position to assess the credibility of the witnesses and the evidence proffered' " (*Matter of Niagara County Dept. of Social Servs. v Randy M.*, 206 AD2d 878, 878 [1994]). The evidence in the record supports the Support Magistrate's conclusion that the testimony of respondent on the issue of his finances was not credible (*see Matter of Johnson v Robusto*, 254 AD2d 828, 829-830 [1998]).

We have considered respondent's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Smith, Pine, Lawton and Hayes, JJ.