In the Matter of RICHARD BAKER, Respondent, v ELLEN ROSE, Appellant. [804 NYS2d 885]—

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered February 18, 2005 in a proceeding pursuant to Family Court Act article 4. The order modified the amended order of the Support Magistrate and remitted the matter to the Support Magistrate for further proceedings.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the factual findings, reinstating the first through third ordering paragraphs of the amended order of the Support Magistrate and providing that the Support Magistrate upon remittal is to determine the responsibilities of the parties for their older child's health insurance and uninsured health care expenses and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced this proceeding alleging

in one petition that respondent violated an order of support and in a second petition that respondent should be required to make child support payments through the Monroe County Child Support Collection Unit. According to petitioner, respondent refused to pay child support and concealed from him the fact that she had found employment, which would have warranted an upward modification of her present child support obligation previously determined in accordance with her unemployment benefits. Respondent alleged in a cross petition that, because the younger of the parties' two children now resides with her and the other child attends Syracuse University, petitioner should be required to pay child support to respondent. The Support Magistrate found, after a fact-finding hearing, that the younger child resided with respondent and dismissed both petitions filed by petitioner. Petitioner filed objections to the Support Magistrate's order. Although that order was subsequently amended, Family Court treated the objections as filed with respect to the amended order. In those objections, petitioner did not dispute the finding of the Support Magistrate that the younger child resided with respondent. Nevertheless, the court found that the Support Magistrate erred in finding that the younger child resided with respondent and found instead that she remained a resident of petitioner's household.

We reject respondent's contention that the court erred in reviewing a matter not raised in the objections to the Support Magistrate's amended order. Pursuant to Family Court Act § 439 (e), Family Court may make its own findings, and here "there was . . . [a] record upon which the court could make its 'own findings of fact' " (*Matter of McAdams v Pinckney*, 15 AD3d 955, 956 [2005], quoting § 439 [e]), i.e., the transcript of the hearing conducted by the Support Magistrate. We agree with respondent, however, that there is no support in the record for the court's finding that the younger child resided with petitioner. Indeed, the transcript of the hearing conducted by the Support Magistrate establishes that petitioner conceded that the younger child had not resided with him since August 3, 2004, the date on which he moved to a new residence. Thus, we modify the order accordingly. Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.