JAMES W. BETRO, Appellant, v ENESSA M. CARBONE, Respondent. [807 NYS2d 507]—

Appeal from an order of the Supreme Court, Oneida County (Michael E. Daley, J.), entered March 7, 2005. The order determined plaintiff's child support obligation and arrears.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by providing that plaintiff's child support obligation is 30% of $20,000, or $6,000 per year, and that plaintiff is directed to pay $115.38 per week for child support and by vacating the total amount of arrears, the amount to be paid per week toward arrears, and the total amount of child support and arrears to be paid per week and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff appeals from an order determining his child sup-

port obligation and the amount of child support arrears owed to defendant. We agree with plaintiff that Supreme Court erred in its calculation of his basic child support obligation and thus also erred in its calculation of his child support arrears. The record is sufficiently developed to enable us to make the required calculation, however, and thus we exercise our authority to do so (*see Orlando v Orlando*, 222 AD2d 906, 908 [1995], *lv dismissed in part and denied in part* 87 NY2d 1052 [1996]; *cf. Johnson v Johnson*, 227 AD2d 948, 949 [1996]). We reject at the outset plaintiff's contention that the court abused its discretion in determining the parties' incomes based on 2003 federal tax returns (*see generally* Domestic Relations Law § 240 [1-b] [b] [5] [i]). In any event, the parties' incomes remained relatively proportional and stable from 2002 to 2003.

As determined by the court for the year 2003, plaintiff's annual income is $150,000 and defendant's annual income is $350,000. The combined parental income is $500,000 (*see* Domestic Relations Law § 240 [1-b] [b] [4]; [c] [1]). Because the parties have two children, the appropriate child support percentage is 25% (*see* § 240 [1-b] [b] [3] [ii]) and, multiplying that child support percentage by the combined parental income up to $80,000 results in a basic child support obligation of $20,000 (*see* § 240 [1-b] [c] [2]). Plaintiff earns 30% of the combined parental income, and defendant earns 70% thereof. Plaintiff's basic child support obligation therefore is 30% of $20,000, or $6,000 per year, and defendant's basic child support obligation is 70% of $20,000, or $14,000 per year (*see id.*; *see generally Matter of Gianniny v Gianniny*, 256 AD2d 1079, 1080-1081 [1998]). We agree with plaintiff that the court erred in determining that plaintiff's basic child support obligation is the entire sum of $20,000. Defendant attempts to justify that result by contending that the court had discretion to exceed the $80,000 statutory cap. Although defendant is correct that the court had such discretion (*see* Domestic Relations Law § 240 [1-b] [c] [3]), that contention is not persuasive in this case. Indeed, the court expressly stated that it was setting child support based "upon 80 thousand dollars worth of income."

Furthermore, in the exercise of our own discretion, we conclude that exceeding the $80,000 statutory cap is not warranted in this case (*see generally Matter of Cassano v Cassano*, 85 NY2d 649, 652-655 [1995]; *Matter of Niagara County Dept. of Social Servs. v C.B.* [appeal No. 3], 234 AD2d 897, 898-900 [1996]). Following the statutory guidelines (*see* Domestic Relations Law § 240 [1-b] [c] [3]; [f]), we note that the combined

parental income over $80,000 is $420,000, and 25% of that figure is $105,000. Plaintiff's share, i.e., 30% of that amount, is $31,500, and defendant's share, i.e., 70% of that amount, is $73,500. Thus, plaintiff's yearly child support obligation would be $6,000 plus $31,500, for a total of $37,500. We conclude, however, that the record does not justify imposing more than $6,000 per year as plaintiff's basic child support obligation. In so concluding, we note that defendant's income is more than twice that of plaintiff's income and that the children's standard of living did not improve until after the divorce, when there was a substantial increase in defendant's income. Although one of the children suffers from developmental delays and receives homework assistance from defendant, and although defendant has been involved in extracurricular activities with the children, we do not conclude that such facts are sufficient to require plaintiff to pay more than the basic child support obligation (*see generally* § 240 [1-b] [f]). Contrary to plaintiff's contention, however, the court did not abuse its discretion in requiring plaintiff to pay 30% of defendant's "reasonable child care expenses" (§ 240 [1-b] [c] [4]; *see Lauria v Lauria*, 187 AD2d 888, 889-890 [1992]).

We therefore modify the order accordingly, and we remit the matter to Supreme Court for a recalculation of arrears, including the amount to be paid per week toward arrears and the total amount of child support and arrears to be paid per week. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.