*327 OPINION OF THE COURT
John M. Hunt, J.
Respondent has filed objections to an order entered by the Support Magistrate on November 23, 2010. That order directs that respondent pay support in the amount of $476.48 biweekly on behalf of the parties’ son. The order awards no retroactive child support to the petitioner as none was due, and it further directs that Mr. N. enroll the child in his employer-sponsored health insurance benefits program and that Mr. N. be responsible for 75% of the child’s future unreimbursed health care expenses.
Respondent contends in his objections that the Support Magistrate improperly directed that he enroll his son in his employer-sponsored health insurance benefits program as he will incur an expense of “$340.00 per month.” Respondent argues that the child should remain enrolled in the New York State Child Health Plus insurance program rather than be enrolled in his employer-sponsored health insurance benefits plan.
The court has considered the arguments raised by respondent’s objections, the written findings of fact made by the Support Magistrate, and the documentary evidence submitted at the support hearing. Based upon the court’s independent review of the record (see Winters v Winters, 154 AD2d 884 [1989]; Matter of Hughes v Wasik, 224 AD2d 982 [1996]; Matter of Baker v Rose, 23 AD3d 1112, 1113 [2005]), and giving due deference to the credibility determinations and factual findings made by the Support Magistrate who conducted the hearing (see Matter of Manocchio v Manocchio, 16 AD3d 1126, 1128 [2005]; Matter of Musarra v Musarra, 28 AD3d 668, 669 [2006]; Matter of Moran v Grillo, 44 AD3d 859, 860 [2007]; Matter of Rube v Tornheim, 51 AD3d 806, 807 [2008]; Matter of Minerva R. v Jorge L.A., 59 AD3d 243, 244 [2009]), the court finds that the matter must be remanded to the Support Magistrate for further consideration of the issue of health insurance coverage for the child.
The parties, Kimberly R. and Andre N., are the parents of Aaron N., who was born on September 23, 2009. Respondent’s paternity of the child was established by order of filiation entered by the Support Magistrate upon respondent’s admission *328 of paternity on November 23, 2010.[1] At a hearing upon the issue of child support conducted on that date the Support Magistrate found that petitioner, a then-unemployed accountant, had earned income of $24,000 from employment with an accounting firm in 2008, and that amount of income was imputed to the petitioner. The Magistrate further found that the respondent, who is employed as a corporate trainer for Verizon Services Corporation, earned gross wages of $70,078.46 as of the pay period ending on November 13, 2010 and that his projected gross income for 2010 would be $80,979.55. The Support Magistrate determined that petitioner’s adjusted gross income is $24,000 per year and that respondent’s adjusted gross income is $73,164.52 per year. The combined adjusted parental gross income was found to be $97,164.52, and respondent’s pro rata share of the basic child support obligation (75%) was calculated to be $476.48 biweekly, and he was directed to pay that sum as child support.
The Support Magistrate further directed that respondent enroll Aaron in his employer-sponsored health insurance benefits plan and that the father be responsible for his pro rata share (75%) of the child’s future unreimbursed health care expenses. Respondent objects to that portion of the November 23, 2010 order which directs that he enroll the child in his health insurance benefits plan because he claims that the premium of $340 per month which he will incur for family coverage as opposed to single coverage is beyond his means. Respondent argues that the child should continue on the New York State Child Health Plus plan, as he incurs little out-of-pocket expense for that coverage.
Family Court Act § 413 (1) (c) (5) provides that “[t]he court shall determine the parties’ obligation to provide health insurance benefits pursuant to section four hundred sixteen of this part,” and similar provisions have been incorporated into Domestic Relations Law § 240. Family Court Act § 416 (c) provides that
“[ejvery support order shall provide that if any legally responsible relative currently, or at any time in the future, has health insurance benefits available that may be extended or obtained to cover any person on whose behalf the petition is brought, such *329 responsible relative is required to exercise the option of additional coverage in favor of such person whom he or she is legally responsible to support” (emphasis added).
Under the statute, health insurance benefits are deemed to be “available” where such benefits “are reasonable in cost” (Family Ct Act § 416 [d] [2]), and specific provisions apply where the person on whose behalf the petition has been filed is a child. Where the subject of the support proceeding is a child the statute provides, in pertinent part, that
“health insurance benefits shall be considered ‘reasonable in cost’ if the cost of health insurance benefits does not exceed five percent of the combined parental gross income [and] [t]he cost of health insurance benefits shall refer to the cost of the premium and deductible attributable to adding the child or children to existing coverage or the difference between such costs for self-only and family coverage” (Family Ct Act § 416 [d] [3]).
Once a court determines that health insurance benefits are “available” within the meaning of Family Court Act § 416 (d) (2) and (3), in accordance with Family Court Act § 416 (e) the court
“shall take the following action to insure that health insurance benefits are provided for the benefit of the child:
“(1) Where the child is presently covered by health insurance benefits, the court shall direct in the order of support that such coverage be maintained, unless either parent requests the court to make a direction for health insurance benefits coverage pursuant to paragraph two of this subdivision.
“(2) Where the child is not presently covered by health insurance benefits, the court shall make its determination as follows:
“(i) If only one parent has available health insurance benefits, the court shall direct in the order of support that such parent provide health insurance benefits.
“(ii) If both parents have available health insurance benefits the court shall direct in the order of support that either parent or both parents provide such health insurance. The court shall make such determination based on the circumstances of the case, *330 including, but not limited to, the cost and comprehensiveness of the respective health insurance benefits and the best interests of the child.
“(in) If neither parent has available health insurance benefits, the court shall direct in the order of support that the custodial parent apply for the state’s child health insurance plan pursuant to title one-A of article twenty-five of the public health law and the medical assistance program established pursuant to title eleven of article five of the social services law. A direction issued under this subdivision shall not limit or alter either parent’s obligation to obtain health insurance benefits at such time as they become available as required pursuant to subdivision (c) of this section.”
In this case only Mr. N. had employer-sponsored health insurance benefits available to him at the time of the hearing.[2] In accordance with the statute, “[i]f only one parent has available health insurance benefits, the court shall direct in the order of support that such parent provide health insurance benefits” (Family Ct Act § 416 [e] [2] [i]). Therefore, respondent was properly ordered to enroll Aaron in his employer-sponsored health insurance benefits plan as there was no showing that such benefits were “unavailable” within the meaning of Family Court Act § 416 (d) (2).
In order to establish that health insurance benefits are “unavailable” the respondent would have had to prove that his Verizon health insurance benefits “are not reasonable in cost” (Family Ct Act § 416 [d] [2]), which would require a showing that the cost of such benefits exceeds' 5% of the combined parental gross income (Family Ct Act § 416 [d] [3]). Alternatively, respondent could have established that the cost of extending the employer-sponsored health insurance benefits to the child “is unjust or inappropriate which finding shall be based on the circumstances of the case, the cost and comprehensiveness of the health insurance benefits for which the child or children may otherwise be eligible, and the best interests of the child or children” (Family Ct Act § 416 [d] [3]).
*331 Here the Support Magistrate determined that the combined adjusted gross income of the parties is $97,164.52 per year and 5% of that sum is $4,858.22. Pursuant to the statute, “[t]he cost of health insurance benefits shall refer to the cost of the premium and deductible attributable to adding the child or children to existing coverage or the difference between such costs for self-only and family coverage” (Family Ct Act § 416 [d] [3]). The four paycheck stubs presented at the hearing by respondent reflect that he presently pays $32.31 biweekly for medical coverage and $3.34 biweekly for dental coverage from Verizon. Thus, over a one-year period, Mr. N. pays premiums of $926.90 for individual coverage. Assuming, arguendo, that the cost of extending coverage for the child would increase his monthly premium to $340 for family coverage or $4,080 per year, after deducting the annual cost of respondent’s individual coverage ($4,080 - $926.90), the resulting increase in the cost of premiums attributable to adding the child to his employer-sponsored plan is $3,153.10 per year, which is less than 5% of the combined annual parental gross income.
While the record does not indicate that the issue of respondent’s income was extensively litigated, the record and documentary evidence militate against a determination that requiring the respondent to extend his employer-sponsored health insurance benefits to Aaron would be “unjust or inappropriate.” The Support Magistrate determined that respondent will earn gross income of approximately $80,979.55 in 2010, not all of which is attributable to his employment by Verizon. In that regard it should be noted that respondent’s 2009 federal income tax return, which was self-prepared and appears to be unaudited by an accountant, states that he owns a two-family residence in Richmond Hill, New York and that he rents one half of the house for which he receives annual rent in the amount of $16,200. The schedule E appended to the 2009 income tax return reflects that respondent “expensed” one half of his total mortgage by deducting $3,740 from the gross rent receipts, and that he also deducted $2,100 for “repairs,” $750 for “supplies,” $660 for “insurance,” $1,466 for “taxes paid,” and $4,050 for “utilities” from the gross rent receipts, yielding a net rental income of $3,234 which was reported as income on the tax return.
In addition, Mr. N. reported short-term capital gains in the amount of $3,114 from the sale of various securities in 2008, and he also claimed $2,478 in “unreimbursed employee expen *332 ses” for 2008 which were deducted from his gross income prior to determining his tax liability. No inquiry was conducted as to whether any of the claimed expenses reduced respondent’s personal expenditures which would have subjected some or all of the total claimed expenses to recapture as income for purposes of determining his child support obligation. It should also be noted that the respondent claims five exemptions for federal and state withholding taxes on his salary, although the 2009 income tax return states that respondent was entitled to only two exemptions for that year. Respondent’s biweekly salary is further reduced by pretax deductions for two savings plans ($170.61 and $284.35), as well as two deductions for his commutation expenses ($115 and $44.50). While the court does not modify the Support Magistrate’s determination as to respondent’s income, this limited review of respondent’s finances does not persuade the court that it would be unjust or inappropriate to require the respondent to extend his existing health insurance benefits to cover his son.
However, there is merit to respondent’s argument that it was error for the Support Magistrate to have directed that he pay 100% of the cost of extending his employer-sponsored health insurance benefits for the subject child. Family Court Act § 416 (f) provides that
“[t]he cost of providing health insurance benefits or benefits under the state’s child health insurance plan or the medical assistance program, pursuant to subdivision (e) of this section, shall be deemed cash medical support, and the court shall determine the obligation of either or both parents to contribute to the cost thereof pursuant to subparagraph five of paragraph (c) of subdivision one of section four hundred thirteen of this part.”
Family Court Act § 413 (1) (c) (5) (ii) reads, in pertinent part, as follows:
“Where health insurance benefits pursuant to paragraph one and subparagraphs (i) and (ii) of paragraph two of subdivision (e) of section four hundred sixteen of this part are determined by the court to be available, the cost of providing health insurance benefits shall be prorated between the parties in the same proportion as each parent’s income is to the combined parental income. If the custodial parent is ordered to provide such benefits, the noncustodial parent’s pro rata share of such costs shall *333 be added to the basic support obligation. If the noncustodial parent is ordered to provide such benefits, the custodial parent’s pro rata share of such costs shall be deducted from the basic support obligation” (emphasis added; see Matter of Dudla v Coyle, 22 AD3d 990, 991 [2005]).
Here health insurance benefits are available within the meaning of Family Court Act § 416 and, as the father was the only parent with available health insurance benefits at the time of the hearing, he was required to extend his employer-sponsored health insurance benefits to provide coverage for the child. Neither statutory exception to the mandatory coverage requirement appears applicable as the annual cost of extending the father’s health insurance benefits to cover the child is less than 5% of the combined parental income, and there is no indication that it would be unjust or inappropriate to require the father to provide health insurance benefits.
However, because income in the amount of $24,000 was imputed to the mother by the Support Magistrate and that income constitutes 25% of the combined parental income, pursuant to Family Court Act § 413 (1) (c) (5) (ii), “the custodial parent’s pro rata share of such costs shall be deducted from the basic support obligation.” Here the Support Magistrate determined that respondent’s pro rata share of the basic child support obligation is $476.48 biweekly, and the record seems to indicate that the annual cost of extending the father’s employer-sponsored health insurance benefits to the child would be $3,153.10. The mother’s pro rata share of the cost of extending the father’s health insurance coverage is 25% of $3,153.10 or $788.25, which should result in a deduction of $30.31 biweekly from the father’s basic child support obligation of $476.48 biweekly.
Given that there are now three pending supplemental petitions, all of which have been filed subsequent to November 23, 2010, one of which was filed by Mr. N. and which alleges that the mother is employed, the proper course is to remand the proceeding to the Support Magistrate for further consideration of the issue of health insurance for the child and the proper allocation of the cost of that expense between the parties.[3]
*334 Finally, the court finds no merit to respondent’s argument that the child continue to be enrolled in the State’s child health insurance plan, known as Child Health Plus, rather than being enrolled in his employer-sponsored health insurance benefits plan. The New York child health insurance plan, enacted as title 1-A of article 25 of the Public Health Law (§§ 2510, 2511), is a state and federally funded program designed to provide covered health care services on behalf of eligible children through health care organizations approved by the State Commissioner of Health (Public Health Law § 2510 [2], [3]; § 2511 [1]). Children who are not eligible for the Medical Assistance Program (i.e., Medicaid), who do not have health insurance coverage and who are not covered by a group health plan based upon a family member’s employment (Public Health Law § 2511 [2] [b], [c], [d] [i]), are eligible for Child Health Plus, provided that they meet familial income guidelines, that is they reside in a household “having a gross household income at or below four hundred percent of the non-farm federal poverty level” (Public Health Law § 2511 [2] [a] [iii]; [3], [8]). Enrollment in the plan requires proof of financial eligibility which must be verified by the Department of Health (Public Health Law § 2511 [2] [f] [i]).
“In 1997, the federal government enacted the State Children’s Health Insurance Program (SCHIP), which sought to provide health insurance to children whose families could not afford private insurance but who likewise did not qualify for Medicaid” (Caro ex rel. State v Blagojevich, 385 Ill App 3d 704, 705, 895 NE2d 1091, 1094 [1st Dist 2008], appeal dismissed 233 Ill 2d 553, 919 NE2d 350 [2009]; see also New Jersey v United States Dept. of Health & Human Servs., 2008 WL 4936933, *1, 2008 US Dist LEXIS 93310, *3-4 [D NJ 2008]). The State Children’s Health Insurance Program is “a joint federal-state program which provides insurance to children from low-income families who exceed Medicaid income limitations, but nonetheless may be unable to afford health insurance” coverage (New York v United States Dept. of Health & Human Servs., 2008 WL 5211000, *1, 2008 US Dist LEXIS 101064, *2 [SD NY 2008]; see also Julia M. v Scott, 498 F Supp 2d 1245, 1246 [WD Mo 2007]). In creating the State Children’s Health Insurance Program, “Congress has provided that states participating in [the] joint program have two options for its implementation. The state may either create (1) a separate child health program or (2) provide insurance through an expansion of its existing Medicaid program” (Julia M. at 1246). States also have the additional op *335 tion of implementing the program by utilizing a combination of a separate child health insurance program and an expansion of the state Medicaid program (New York v United States Dept. of Health & Human Servs., 2008 WL 5211000 at *3, 2008 US Dist LEXIS 101064 at *9-10; see 42 CFR 457.70 [a]).
The State Children’s Health Insurance Program is intended to benefit “uninsured children from low-income families” (New York v United States Dept. of Health & Human Servs., 2008 WL 5211000 at *3, 2008 US Dist LEXIS 101064 at *8; see also Caro, 385 Ill App 3d at 705, 895 NE2d at 1094), or stated differently, “the children of the working poor” (Julia M. at 1247; see also New Jersey v United States Dept. of Health & Human Servs., 2008 WL 4936933 at *1, 2008 US Dist LEXIS 93310, *3-4; Dolgin, Class Competition and American Health Care: Debating the State Children’s Health Insurance Program, 70 La L Rev 683, 699 [2010]). Federal funds allocated to the states under the State Children’s Health Insurance Program do not constitute an individual entitlement, but rather such funds are a “block grant to the states” (New York v United States Dept. of Health & Human Servs., 2008 WL 5211000 at *2, 2008 US Dist LEXIS 101064 at *7), and the funds must be utilized in conformity with federal law.
The State Children’s Health Insurance Program is intended “to provide coverage for low-income uninsured, while maintaining the private employment-based insurance system as the dominant source of health coverage” (Jacobi, Medicaid Expansion, Crowd-Out, and Limits of Incremental Reform, 45 St Louis U LJ 79, 79 [2001]), and “Congress made clear that one of its concerns was that the SCHIP money not be used for children who already had coverage but might opt for a state plan because of reduced rates” (New York v United States Dept. of Health & Human Servs., 2008 WL 5211000 at *3, 2008 US Dist LEXIS 101064 at *7; see also Jacobi, 45 St Louis U LJ at 98-99 [parents should be discouraged from dropping private coverage]). To that end, federal regulations provide that “[t]he State plan must include a description of reasonable procedures to ensure that health benefits coverage provided under the State plan does not substitute for coverage provided under group health plans” (42 CFR 457.805). The New York statute meets that requirement as it provides that a court order directing that a child be enrolled in the Child Health Plus program “shall not limit or alter either parent’s obligation to obtain health insurance benefits at *336 such time as they become available” (Family Ct Act § 416 [e] [2] [iii]).[4]
Because Mr. N. has employer-sponsored health insurance benefits available to him and those benefits may be extended to cover his son, he must do so unless one of the statutory exemptions is applicable. Respondent may not shift the cost of providing health insurance benefits to the public where he is financially able to provide coverage, and accordingly, the court rejects the argument that the child should remain enrolled in the Child Health Plus program.
It is therefore ordered, that respondent’s objections are granted to the extent that this proceeding is remanded to the Support Magistrate for recalculation of the parties’ respective pro rata shares of the cost of the health insurance premium attributable to the child’s enrollment in the father’s health insurance plan; and it is further ordered, that the Support Magistrate shall deduct the custodial parent’s pro rata share of the cost of such health insurance premium from the noncustodial parent’s basic child support obligation as required by Family Court Act § 413 (1) (c) (5); and it is further ordered, that respondent’s objections are otherwise denied.

. Legal and physical custody of Aaron is vested in Ms. R. pursuant to orders entered by a Family Court Judge and a Court Attorney Referee in Queens County.

. “Health insurance benefits” are defined as “any medical, dental, optical and prescription drugs and health care services or other health care benefits that may be provided for a dependent through an employer or organization, including such employers or organizations which are self insured, or through other available health insurance or health care coverage plans” (Family Ct Act § 416 [d] [1]).

. As noted by a leading commentator, the current statutory provisions relating to the issue of child health care expenses, including health insurance, are “exceedingly lengthy and gruesomely complicated” (Sobie, 2009 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 413, 2011 Pocket Part, at 18).

. Recently enacted legislation requires that employers report upon the availability of employer-sponsored medical coverage when the employer files a quarterly report or a report of the hiring of a new employee with the Department of Taxation and Finance (Tax Law §§ 171-a, 171-h, as amended by L 2010, ch 182, §§ 3, 4). A primary purpose of the legislation was to “aid the child support program in securing employer sponsored insurance” for children (Assembly Mem in Support, 2010 McKinney’s Session Law News of NY, No. 7, at A-276 [Nov. 2010]).