SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**491**
**CAF 11-01921**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF KELLY A. FENDICK,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

THOMAS J. FENDICK, RESPONDENT-APPELLANT.

---

BOUVIER PARTNERSHIP, LLP, EAST AURORA (ROGER T. DAVISON OF COUNSEL),
FOR RESPONDENT-APPELLANT.

REID A. WHITING, LEROY, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Wyoming County (Eric R. Adams, A.J.), entered November 22, 2010 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of respondent to the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the objections in part and vacating that part of the order of the Support Magistrate providing that respondent's pro rata share of the basic child support obligation is $410.69 per week and the first ordering paragraph thereof providing that respondent shall pay to petitioner $374.06 per week for the basic child support payment, exclusive of health care expenses, and substituting therefor a provision that respondent's pro rata share of the basic child support obligation is $357.26 per week and a provision that respondent shall pay to petitioner $320.63 per week for the basic child support payment, exclusive of health care expenses, and vacating the fifth ordering paragraph of the order of the Support Magistrate providing that respondent shall pay to petitioner past child support in the amount of $10,853.95, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Wyoming County, for further proceedings in accordance with the following Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order denying his objections to the order of the Support Magistrate that, inter alia, determined that each party receives $1,600 per month, i.e., $19,200 per year, in rental income and that petitioner mother receives $17,400 per year in investment income. Although "[g]reat deference should be given to the determination of the Support Magistrate" (*Matter of Yamonaco v Fey*, 91 AD3d 1322, 1323; *see Matter of Manocchio v Manocchio*, 16 AD3d 1126, 1128), we nevertheless agree with the father that the Support Magistrate erred in determining the amounts of rental and investment income and that Family Court therefore should have granted the father's objections with respect to those parts of the Support

Magistrate's order.

In their testimony at the hearing before the Support Magistrate, the parties agreed that they split monthly rental income in the amount of $1,600, such that each party receives $800 per month.  Thus, the Support Magistrate plainly misconstrued the testimony in finding that the parties each receive rental income in the amount of $1,600 per month, and the calculations of the parties' adjusted gross income should be amended to reflect that each party in fact receives $800 per month, i.e., $9,600 per year, in rental income.

We further conclude that the Support Magistrate erred in finding that the mother receives investment income in the amount of $17,400 per year.  That finding was based on the fact that the mother receives monthly loan payments of principal and interest from two individuals to whom she made personal loans.  Contrary to the Support Magistrate's finding, however, only the interest portion of those monthly payments, rather than the entire payments of principal plus interest, should have been considered "income" for purposes of calculating child support, inasmuch as the principal amounts of those loans were "sums expended in connection with such investment" (Family Ct Act § 413 [1] [b] [5] [ii]; *cf. Matter of Mitchell v Mitchell*, 264 AD2d 535, 539, *lv denied* 94 NY2d 754).  The mother's interest income on those two loans, as reflected in her tax return, was $2,779 per year, and thus the calculations of the parties' adjusted gross income should be amended to reflect that amount.

Based on the revised calculations of the parties' adjusted gross income in light of those errors, we conclude that the father's pro rata share of the child support obligation is 62%.  We therefore modify the order by granting the objections in part and vacating that part of the order of the Support Magistrate providing that the father's pro rata share of the basic child support obligation is $410.69 per week and the first ordering paragraph thereof providing that the father shall pay to the mother $374.06 per week for the basic child support payment, exclusive of health care expenses, and substituting therefor a provision that the father's pro rata share of the basic child support obligation is $357.26 per week and a provision that the father shall pay to the mother $320.63 per week for the basic child support payment, exclusive of health care expenses.  We further modify the order by vacating the fifth ordering paragraph of the order of the Support Magistrate providing that the father shall pay to the mother past child support in the amount of $10,853.95, and we remit the matter to Family Court for further proceedings to recalculate the amount of past child support.  Finally, we reject the mother's contention that there are alternative grounds for sustaining the father's support obligation calculated by the Support Magistrate (*see generally Parochial Bus. Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545-546).

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court