Matter of Wheeler v Wheeler (2018 NY Slip Op 04152)





Matter of Wheeler v Wheeler


2018 NY Slip Op 04152


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND WINSLOW, JJ.


580 CAF 17-01425

[*1]IN THE MATTER OF SHELLI A. WHEELER, PETITIONER-APPELLANT,
v
MICHAEL S. WHEELER, RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT.
BARNEY & AFFRONTI, LLP, ROCHESTER (FRANCIS C. AFFRONTI OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered October 19, 2016 in a proceeding pursuant to Family Court Act article 4. The order, among other things, granted in part the objections of respondent to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of respondent's third objection contained in the second bullet point, reinstating the violation petition filed on November 25, 2015, and reinstating the order of disposition of the Support Magistrate entered August 23, 2016 insofar as it determined that respondent violated his obligation to contribute to the daughter's college expenses, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: These appeals arise from litigation concerning several violation petitions that petitioner mother filed alleging that respondent father violated certain terms of the parties' separation agreement, which was incorporated but not merged into their judgment of divorce. That agreement provided, inter alia, that the parties would contribute to their children's college education and would consult each other and their children concerning the college selection process. The mother filed a prior petition seeking to modify the judgment of divorce with respect to the father's contribution to the college expenses of the parties' daughter. In a prior order, the Support Magistrate granted that petition and ordered, inter alia, that the father pay 47% of his daughter's college expenses. The prior order, however, did not specify a maximum dollar amount for those expenses because the parties failed to establish the amount of tuition at SUNY Geneseo, which they had set as the cap for the amount of tuition expenses. After the father filed objections to the prior order, Family Court, in an order from which no appeal was taken, granted the objections in part but denied the objection to that part of the prior order directing him to contribute to his daughter's college expenses.
While those proceedings were pending, the mother filed a violation petition alleging that the father violated the separation agreement by failing to contribute to their daughter's college expenses. In an order of disposition entered August 23, 2016 (2016 order), the Support Magistrate concluded, inter alia, that the father violated the separation agreement by failing to make those contributions and both parties filed objections to that order. In appeal No. 1, the mother appeals from an order that, insofar as relevant here, denied her objections, granted the father's objections in part, vacated the 2016 order, and dismissed the mother's violation petition. Specifically, the court sustained the second bullet point of the father's third objection, wherein he asserted that his obligation to contribute to his daughter's college expenses was not triggered because the mother violated the separation agreement by failing to consult with him regarding the college selection process. The court therefore denied the mother's objections to the 2016 order as moot. In appeal No. 2, the mother appeals from an order settling the record in appeal No. 1.
Initially, we reject the mother's contention in appeal No. 2 that the court erred in excluding certain documents from the record in appeal No. 1, including the mother's modification petition and the transcript from the hearing on that petition. "The court properly excluded the disputed items from the original record on appeal [in appeal No. 1] because those items either related to a [prior] order not appealed by [either party] . . . or were not considered by the court in rendering judgment" (Balch v Balch [appeal No. 2], 193 AD2d 1080, 1080 [4th Dept 1993]; see generally Paul v Cooper [appeal No. 2], 100 AD3d 1550, 1551 [4th Dept 2012], lv denied 21 NY3d 855 [2013]). We therefore affirm the order in appeal No. 2.
We agree, however, with the mother in appeal No. 1 that the court erred in sustaining the father's objection to the determination in the 2016 order that he violated the separation agreement by failing to contribute to his daughter's educational costs. The father's "specific commitment to pay for . . . tuition expenses during the four years following graduation from high school . . . controls over the more general list of termination events, which" includes the parties' agreement to consult with each other and the children with respect to the daughter's choice of college (Hejna v Reilly, 88 AD3d 1119, 1121 [3d Dept 2011]; see generally Warshof v Rochester Community Sav. Bank [appeal No. 2], 286 AD2d 920, 921-922 [4th Dept 2001]).
Furthermore, although "[p]ursuant to Family Court Act § 439 (e), Family Court may make its own findings, and here there was . . . [a] record upon which the court could make its own findings of fact . .
. , i.e., the transcript of the hearing conducted by the Support Magistrate" (Matter of Baker v Rose, 23 AD3d 1112, 1113 [4th Dept 2005] [internal quotation marks omitted]), we agree with the mother that the evidence in the record does not support the court's conclusion that the father's agreement to contribute to his daughter's college expenses was conditioned on him being consulted regarding her choice of college. To the contrary, the parties' separation agreement did not require that they agree upon a choice of college (cf. Dierna v Dierna, 11 AD3d 426, 426 [2d Dept 2004]), nor did it condition either party's duty to contribute to college expenses upon such consultation. In addition, the Support Magistrate noted during argument concerning the 2016 order that the court had previously determined that the father was "obligated to pay a percentage of college expenses." In response, the father's attorney conceded that issue, stating "we agree with that, that he does have that obligation." Thus, the court's determination to the contrary is not supported by the record. We therefore modify the order by denying that part of the father's third objection contained in the second bullet point, reinstating the violation petition, and reinstating the 2016 order insofar as it determined that the father violated his obligation to contribute to the daughter's college expenses, and we remit the matter to Family Court for consideration of the parties' objections to the calculation and amount of those expenses, which the court did not consider.
We have considered the mother's remaining contentions in appeal No. 1 and conclude that they lack merit.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court